## MURRAY *v.* JOE GERRICK & CO. ET AL.

No. 308.   Argued January 19, 1934.—Decided February 5, 1934.

*Mr. M. M. Doyle* argued the cause, and *Mr. Wm. Martin* filed a brief, for petitioner.

*Messrs. Roszel C. Thomsen* and *Walter L. Clark* argued the cause, and *Messrs. Stephen V. Carey, J. Speed Smith,* and *Henry Elliott, Jr.,* filed a brief, for respondents.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

Louis H. Murray, a steel erector, died as the result of a fall from a crane which was being erected by his employers, the respondents, in the Puget Sound Navy Yard at Bremerton, Washington. The petitioner, his widow, brought action, on her own and her minor child's behalf, alleging the decedent's death was caused by the respondents' negligence. The trial court sustained a demurrer to the declaration, holding the action was not maintainable by the widow and daughter as beneficiaries under the Washington Workmen's Compensation Act, since that act was not in force in the Navy Yard; and if it were considered a suit for death by wrongful act, the applicable state statute required that it be instituted by the personal representative of the decedent. The petitioner, although she was also administratrix, refused to amend and claim in virtue of her status as such, and stood upon the declaration. A judgment in favor of respondents was affirmed by the Supreme Court.[1]

In the petition for certiorari it is asserted that the state courts misconstrued the Act of Congress of February 1, 1928. This court consequently has jurisdiction. The question of the bearing of the federal Act upon the right to maintain the action requires the statement of additional facts.

By a statute passed in 1891 [2] the State consented to the acquisition of a tract of land by the United States for a navy yard or other specified uses, and ceded jurisdiction

---

[1] 172 Wash. 365; 20 P. (2d) 591.

[2] Laws of 1891, p. 31; Remington's Revised Statutes, § 8108.

over the same to the federal government, retaining only concurrent jurisdiction for the service of civil and criminal process issued under the authority of the State. Pursuant to this consent, the United States acquired what is now known as Puget Sound Navy Yard. At that time a state statute was in force permitting the heirs or personal representatives of one dying as a result of negligence to maintain suit against the wrongdoer.[3]

In 1911 Washington adopted an industrial insurance law or workmen's compensation act which required every employer engaged in extrahazardous occupation to report the work undertaken by him and to pay to a state insurance fund certain sums measured by the payroll for the work. The act abolished all actions by employees against employers for injury in extrahazardous occupations, and, in lieu thereof, conferred upon the injured workman the right to be paid from the fund; gave a similar right to named beneficiaries in case of an employee's death, and further provided that if an employer should fail to report or to pay to the state fund, the employee, or his beneficiaries in case of death, might sue the employer for negligence.[4]

In 1917 the prior statute relating to suits for death by wrongful act was superseded by an act vesting the right to sue in the personal representative of the decedent.[5]

February 1, 1928, an Act of Congress[6] became effective entitled "An Act Concerning actions on account of death or personal injury within places under the exclusive jurisdiction of the United States." It enacts: "That in the case of the death of any person by the neglect or wrongful act of another within a national park or other place

---

[3] § 8, Code of 1881; Remington & Ballinger's Ann. Code, § 183.

[4] Remington's Revised Statutes, §§ 7673, 7674, 7676, 7679.

[5] Remington's Revised Statutes, §§ 183, 183-1.

[6] Act of February 1, 1928, c. 15, 45 Stat. 54; U.S. Code Title 16, § 457.

subject to the exclusive jurisdiction of the United States, within the exterior boundaries of any State, such right of action shall exist as though the place were under the jurisdiction of the State . . .; and in any action brought to recover on account of injuries sustained in any such place the rights of the parties shall be governed by the laws of the State within the exterior boundaries of which it may be."

The petitioner, believing this Act of Congress made the state compensation law applicable to the Navy Yard, sued on behalf of her child and herself as beneficiaries, alleging the respondents had failed to report the work and make the payments required by the compensation act.

The state Supreme Court held that the compensation act does not apply to territory beyond the authority of the state legislature. But it also held that act could not have any force in the Navy Yard, since it was adopted many years after the cession of jurisdiction by the State and the consequent acquisition of the tract by the United States. In this the court was clearly right. After the effective date of the State's cession the jurisdiction of the federal government was exclusive (*Fort Leavenworth R. Co.* v. *Lowe,* 114 U.S. 525, 537; *United States* v. *Unzeuta,* 281 U.S. 138), and laws subsequently enacted by the state were ineffective in the Navy Yard. *Arlington Hotel Co.* v. *Fant,* 278 U.S. 439. Congress may, however, adopt such later state legislation as respects territory under its jurisdiction, and the petitioner claims it did so adopt the compensation act by the Act of February 1, 1928. This argument overlooks the fact that the federal statute referred only to actions at law, whereas the state act abolished all actions at law for negligence and substituted a system by which employers contribute to a fund to which injured workmen must look for compensation. The right of action given upon default of the employer in respect of his obligation to contribute to the fund is conferred as

a part of the scheme of state insurance and not other-
wise. The Act of Congress vested in Murray no right to
sue the respondents, had he survived his injury. Nor did
it authorize the State of Washington to collect assess-
ments for its state fund from an employer conducting
work in the Navy Yard. If it were held that beneficiaries
may sue, pursuant to the compensation law, we should
have the incongruous situation that this law is in part
effective and in part ineffective within the area under the
jurisdiction of the federal government. Congress did not
intend such a result. On the contrary, the purpose was
only to authorize suits under a state statute abolishing
the common law rule that the death of the injured person
abates the action for negligence.

The petitioner urges that if the Act of Congress failed
to extend the workmen's compensation law to the Navy
Yard, she is, nevertheless, entitled to maintain her action
in behalf of herself and her child as heirs of the decedent,
because the Code of 1881( *supra*) was in effect at the date
of cession and remained applicable until Congress altered
it. She relies upon the principle that when political juris-
diction and legislative power over territory are trans-
ferred from one sovereign to another, the municipal law
of the place continues in force until abrogated by the
new sovereign. *Chicago, Rock Island & Pacific Ry. Co.* v.
*McGlinn,* 114 U.S. 542; *Vilas* v. *Manila,* 220 U.S. 345,
357. But the weakness of her position is that by the Act
of February 1, 1928, Congress did abrogate the Code pro-
vision as respects the Navy Yard by enacting that " such
right of action shall exist as though the place were under
the jurisdiction of the State," and " in any action brought
to recover on account of injuries sustained in any such
place the rights of the parties shall be governed by the
laws of the State within the exterior boundaries of which
it may be." This plainly means the existing law, as de-
clared from time to time by the state; and Washington,

by the Act of 1917, has substituted for the action, given in the alternative to heirs or personal representatives by the Code of 1881, one vested exclusively in the personal representative. It results that the petitioner could sue only under the Act of 1917.

The judgment is

*Affirmed.*