[S. F. No. 15279.   In Bank.—April 18, 1935.]

WILLIAM J. ALLEN et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and JACK DULEY, Respondents.

Redman, Alexander & Bacon and R. P. Wisecarver for Petitioners.

Everett A. Corten for Respondents.

PRESTON, J.—Petitioners (an employer and his insurance carrier) seek the annulment of findings and temporary partial disability award made by respondent commission in favor of respondent Jack Duley, who sustained a fracture of the left heel bone while performing work connected with erection under the veterans administration of the United States of the veterans hospital on premises at Fort Miley, a military reservation situate within the territorial bound-

aries of the city and county of San Francisco. ■ Petitioners contend that the California Workmen's Compensation Act (Stats. 1917, p. 831, and amendments thereto) is not applicable and that respondent commission was without jurisdiction in the matter because said territory where the contract of hire was consummated, work performed and injury received, was under the exclusive jurisdiction of the federal government. (See *Standard Oil Co.* v. *State of California,* 291 U. S. 242 [54 Sup. Ct. 381, 78 L. Ed. 775]; *Murray* v. *Joe Gerrick & Co.,* 172 Wash. 365 [20 Pac. (2d) 591]; *Murray* v. *Joe Gerrick & Co.,* 291 U. S. 315 [54 Sup. Ct. 432, 78 L. Ed. 821, 92 A. L. R. 1259]; *People* v. *Mouse,* 203 Cal. 782 [265 Pac. 944].)

Respondents make no effort to refute this contention but they assert that in the proceedings before the commission petitioners failed to sustain the burden of establishing it as affirmative defense. Petitioners set up the defense by their answer. On the hearing the testimony of the employee and other undisputed evidence showed that the contract was consummated, the work performed and injury received at Fort Miley, as aforesaid. The commission found this to be the fact, but nevertheless assumed jurisdiction and made said findings and award in favor of respondent employee. Petitioners thereupon sought a rehearing for the purpose of producing in evidence a certified copy of the decree of condemnation by which the premises known as Fort Miley passed into the hands of the United States. The commission refused to grant the rehearing.

■ Its position is entirely erroneous. Section 1875, subdivision 3, of the Code of Civil Procedure provides that "courts take judicial notice of . . . public and private official acts of the legislative, executive and judicial departments of this state and of the United States, and the laws of the several states . . . and the interpretation thereof by the highest courts of appellate jurisdiction of such states. . . . In all these cases the court may resort for its aid to appropriate books or documents of reference." (See, also, *Bell* v. *Southern Pac. Co.,* 189 Cal. 421, 425 [208 Pac. 970], and *Southern Pac. Land Co.* v. *Meserve,* 186 Cal. 157 [198 Pac. 1055].) Thus the following official records, to which petitioners call attention, establish as a matter of judicial knowledge that Fort Miley has, since January 23, 1893, been a

military reservation under the exclusive jurisdiction of the United States: Political Code, sections 33 and 34; United States Constitution, article I, section 8, subdivision 17; Statutes 1891, chapter CLXXXI, page 262; Statutes 1897, chapter LVI, page 51; final decree and order of condemnation of January 23, 1893, of United States Circuit Court, in action entitled *"United States of America, Plaintiff,* v. *City and County of San Francisco, a Municipal Corporation, Defendant",* No. 11484, condemning for fortification purposes the premises now known as Fort Miley, recorded in the office of the county recorder of the city and county of San Francisco, state of California, Record of Deeds Book, volume 1548, page 100; General Order of the War Department No. 77, issued at Washington April 17, 1906, published 1907 in "General Orders and Circulars of the War Department 1906", establishing the territory described in the above-mentioned condemnation decree as "comprising the military reservation of Fort Miley, California"; Document 496 of the War Department, published in 1916 at page 31 of "United States Military Reservations, National Cemeteries and Military Parks", confirming description and location of "Fort Miley" as a military reservation and subpost of the Presidio.

For the reasons above set forth, the findings and award of the Industrial Accident Commission must be and they are hereby annulled.

Shenk, J., Thompson, J., Seawell, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.