THE STATE OF WASHINGTON, *Appellant,* v. RAINIER
NATIONAL PARK COMPANY, *Respondent.*[1]

*The Attorney General* and *Browder Brown, Assistant,* for appellant.

*Hayden, Metzger & Blair,* for respondent.

[1]Reported in 74 P. (2d) 464.

GERAGHTY, J.—This action was instituted by the state of Washington for recovery of industrial insurance premiums and medical aid assessments, claimed to be due from the respondent, Rainier National Park Company, Inc., under the workmen's compensation act, for the period between January 1, 1934, and December 1, 1935, on account of extrahazardous occupations conducted by the respondent wholly within the boundaries of Mount Rainier National Park.

The trial court sustained a demurrer to the second amended complaint, and, the state having declined to plead further, judgment was entered dismissing its action.

The sole question involved is whether the workmen's compensation act is effective within the confines of the Mount Rainier National Park.

Mount Rainier National Park was established by an act of Congress, passed March 2, 1899, 16 U. S. C. A., § 91. Thereafter, the legislature of the state of Washington, by chapter 92, Laws of 1901, p. 192, Rem. Rev. Stat., § 8110 [P. C. § 7122], ceded exclusive jurisdiction to the United States over all the territory embraced in the Rainier National Park, saving to the state, however, the right to serve civil or criminal process within its limits in certain cases and also the right to tax persons and corporations, their franchises and property, on the lands included in the park. The act further provided:

". . . this jurisdiction shall not vest until the United States through the proper officer, notifies the governor of this state that they assume police or military jurisdiction over said park."

In 1916, an act of Congress was passed assuming sole and exclusive jurisdiction by the United States over the territory embraced within the park, saving, how-

ever, to the state of Washington the rights reserved in its act of cession. 16 U. S. C. A., § 95.

Thereafter, in July, 1916, the secretary of the interior notified the governor of the state of Washington of the acceptance of jurisdiction over the park area by the United States, thus completing the process required to vest exclusive Federal jurisdiction.

■ "It is a general rule of public law, recognized and acted. upon by the United States, that whenever political jurisdiction and legislative power over any territory are transferred from one nation or sovereign to another, the municipal laws of the country, that is, laws which are intended for the protection of private rights, continue in force until abrogated or changed by the new government or sovereign. . . .

"It is true there is a wide difference between a cession of political jurisdiction from one nation to another and a cession to the United States by a State of legislative power over a particular tract, for a special purpose of the general government; but the principle which controls as to laws in existence at the time is the same in both." *Chicago, R. I. & Pac. R. Co. v. McGlinn,* 114 U. S. 542, 5 S. Ct. 1005.

It is also an accepted rule of law that, where a cession of jurisdiction is made by a state to the Federal government, it is necessarily one of political power and leaves no authority in the state government thereafter to legislate over the ceded territory. *Arlington Hotel Co. v. Fant,* 176 Ark. 613, 4 S. W. (2d) 7, affirmed by the supreme court of the United States, 278 U. S. 439, 49 S. Ct. 227.

■ The original workmen's compensation act was passed at the 1911 session of the legislature. Under the rules above announced, this act, with amendments made at the 1913 and 1915 sessions of the legislature, being in effect in the area embraced within the park at the time Federal jurisdiction became effective, continued in force therein until repealed or superseded;

on the other hand, numerous and material amendments, made by the legislature subsequent to the 1915 session, did not become operative within the park. These later amendments affected the rate of premium to be paid by the industries covered by the act, as well as the amount of compensation payable to its beneficiaries. The provisions for medical aid to injured workmen and for the creation of the medical aid fund and assessments therefor were first adopted at the 1917 session.

In 1928, Congress passed an act (45 Stat. 54) entitled:

"An Act Concerning actions on account of death or personal injury within places under the exclusive jurisdiction of the United States."

This act provides:

"In the case of the death of any person by the neglect or wrongful act of another within a national park or other place subject to the exclusive jurisdiction of the United States, within the exterior boundaries of any State, such right of action shall exist as though the place were under the jurisdiction of the State within whose exterior boundaries such place may be; and in any action brought to recover on account of injuries sustained in any such place the rights of the parties shall be governed by the laws of the State within the exterior boundaries of which it may be." 16 U. S. C. A. (Sup.), § 457.

It is the respondent's contention, sustained by the trial court, that this act, in giving a *right of action* governed by the state laws, necessarily superseded the provisions of the workmen's compensation act effective in Rainier National Park at the time civil jurisdiction over the area vested in the Federal government. While there was no formal repeal of the prior state enactment, it is hard to reconcile the provisions of the con-

gressional act with the idea of a co-existent remedy under the state compensation act.

Section one of the compensation act, Laws 1911, chapter 74, p. 345, after characterizing the common law system governing the remedies of workmen engaged in hazardous employment as inconsistent with modern industrial conditions and, in practice, economically unwise, unfair, slow and inadequate, declares:

"The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in extrahazardous work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and *civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished,* except as in this act provided." (Italics ours.) (Rem. Rev. Stat., § 7673 [P. C. § 3468].)

It will thus be seen that, while the state compensation act abolishes all civil actions and civil causes of actions and all jurisdiction of the courts over such causes, the congressional act grants a right of action for death or personal injury within the park area.

Commenting on the conflict of the two systems of relief, this court, in *Murray v. Gerrick & Co.,* 172 Wash. 365, 20 P. (2d) 591, said:

"As already pointed out, the industrial insurance act has taken away all right of action except that therein provided for, and the Federal act refers to rights of action. It is true that the industrial insurance act contains a provision that, if the employer does not pay into the industrial insurance fund, and an injury occurs to a workman while the employer is so in default, the action may be brought by the injured employee against the employer, and the common

law defenses shall not be available. If it should be held that, under this provision of the act, an action could be maintained for an injury occurring in the navy yard, which is subject to the exclusive jurisdiction of the United States, then we would have a situation where a part of the industrial insurance act would extend to the navy yard and a part would not."

This case was affirmed on appeal to the supreme court of the United States, 291 U. S. 315, 54 S. Ct. 432, 92 A. L. R. 1259. That court, in disposing of the question, said:

"Congress may, however, adopt such later state legislation as respects territory under its jurisdiction, and the petitioner claims it did so adopt the compensation act by the Act of February 1, 1928. This argument overlooks the fact that the federal statute referred only to actions at law, whereas the state act abolished all actions at law for negligence and substituted a system by which employers contribute to a fund to which injured workmen must look for compensation. The right of action given upon default of the employer in respect of his obligation to contribute to the fund is conferred as a part of the scheme of state insurance and not otherwise. The Act of Congress vested in Murray no right to sue the respondents, had he survived his injury. Nor did it authorize the State of Washington to collect assessments for its state fund from an employer conducting work in the Navy Yard. If it were held that beneficiaries may sue, pursuant to the compensation law, we should have the incongruous situation that this law is in part effective and in part ineffective within the area under the jurisdiction of the federal government."

The same incongruity would result from a holding in the present case that, notwithstanding the congressional enactment giving a right of action, the state plan of compensation, which abolished all rights of action, is still effective.

While perhaps not having any determinative legal effect, the difficulties of enforcing the compensation

act within the park area are further emphasized by the fact, to which we have made reference, that much of the law has been changed by enactments of the legislature subsequent to the acquisition of Federal jurisdiction, which admittedly cannot be enforced; for instance, in the sum for which suit is here brought there is included a considerable amount on account of assessments levied for the medical aid fund. As we have seen, provision for this fund was not enacted until after the state had ceded jurisdiction.

Although having no direct bearing on the present controversy, we may remark here, parenthetically, that Congress, by the act of June 25, 1936, 40 U. S. C. A. (Sup.), § 290, authorizes the states to apply the workmen's compensation acts to all lands or premises owned or held by the United States by deed or act of cession, by purchase or otherwise, within the exterior boundaries of any state, to the same extent as if the lands were under the exclusive jurisdiction of the state. Doubtless, this act was passed to clarify the situation resulting from conflicting systems of relief. This congressional act was not self-executing and required formal legislative sanction by the state. Such sanction was given by the passage of chapter 147, Laws of 1937, p. 525.

The state, in support of its contention, relies principally upon the case of *State ex rel. Grays Harbor Const. Co. v. Department of Labor & Industries*, 167 Wash. 507, 10 P. (2d) 213. There, the relator sought to prohibit the department from levying and collecting industrial insurance and medical aid premiums on account of extrahazardous work which the relator was doing in Rainier National Park. The court held that, since the workmen's compensation act had been in force within the park at the time jurisdiction thereof was ceded to the United States, the act remained in

force until Congress had passed· an act to supersede it, and that no act of Congress had been passed inconsistent with its operation. The court did not refer to or construe the congressional act of 1928 in its opinion. The relator made no reference to it. The state cited the act, contending that, by its terms, the compensation act became operative within the park. As the state's right was sustained on another ground, no reference was made to this contention.

The judgment of the lower court is affirmed.

STEINERT, C. J., MAIN, HOLCOMB, BEALS, ROBINSON, and SIMPSON, JJ., concur.

MILLARD, J. (concurring)—In *State ex rel. Grays Harbor Const. Co. v. Department of Labor & Industries,* 167 Wash. 507, 10 P. (2d) 213, we said:

"From the authorities cited and the excerpts from two of them quoted, it follows that, the workmen's compensation act having been in force within the territorial boundaries of Rainier national park at the time jurisdiction thereof was ceded to the United States, the act remained in force until Congress passed an act which superseded it. Up to the present time, no act of Congress has been passed which is in any respect inconsistent with the operation of the workmen's compensation act over the park."

On appeal in that case, the attorney general quoted in his brief the congressional enactment (chapter 15, Act of February 1, 1928, 45 Stat. 54, 16 U. S. C. A. (Sup.), § 457), and argued that it extended the compensation act of this state to extrahazardous employment within the park area. The attorney general urged construction by this court of the act in question, and stated that this statute "has never been construed by any court so far as we have been able to ascertain."

Manifestly, we failed to give the congressional en-

actment the construction later given by us and the United States supreme court in the case of *Murray v. Gerrick & Co.*, 172 Wash. 365, 20 P. (2d) 591, 291 U. S. 315, 54 S. Ct. 432, 92 A. L. R. 1259. It would indeed be, as the United States supreme court held in the case cited, an incongruous situation to hold that this law is in part effective and in part ineffective within the area under the jurisdiction of the Federal government. I cannot agree with the dissenting opinion that the above cited congressional act (which we disregarded in *State ex rel. Grays Harbor Const. Co. v. Department of Labor & Industries, supra*) fortifies the authority of the opinion in which we failed or refused to notice the congressional enactment. *State ex rel. Grays Harbor Const. Co. v. Department of Labor & Industries*, 167 Wash. 507, 10 P. (2d) 213, should be overruled.

The congressional act of July 25, 1936, 40 U. S. C. A., § 290, mentioned in the majority opinion, we may note. That enactment was doubtless intended to supply the remedy not afforded by the congressional act of 1928. It weakens the authority of *State ex rel. Grays Harbor Const. Co. v. Department of Labor & Industries, supra*. The judgment of the trial court should be affirmed.

BLAKE, J. (dissenting)—I think § 457, 16 U. S. C. A. (Sup.), providing:

"In the case of the death of any person by the neglect or wrongful act of another within a national park or other place subject to the exclusive jurisdiction of the United States, within the exterior boundaries of any State, such right of action shall exist as though the place were under the jurisdiction of the State within whose exterior boundaries such place may be; and in any action brought to recover on account of injuries sustained in any such place the rights of the

parties shall be governed by the laws of the State within the exterior boundaries of which it may be," fortifies, rather than weakens, the authority of *State ex rel. Grays Harbor Const. Co. v. Department of Labor & Industries,* 167 Wash. 507, 10 P. (2d) 213. For the section does not purport to provide any remedies for personal injury or wrongful death, or change the effective remedies existing at the time cession of the park area was accepted. As pointed out in the majority opinion, the industrial insurance act, as it existed at that time, continued to be effective until such time as the Congress provided to the contrary. The act of 1928 (16 U. S. C. A. (Sup.), § 457) plainly was not designed to effect a change, but to confirm remedies already afforded by state laws. It seems to me that, in the light of our industrial insurance act abolishing actions at law by employees against employers, the phrase *"such right of action"* may well be read as *"such remedy"* as is afforded by the laws of the state. Unless the section is so read, it is meaningless as to all cases arising from accidents to workmen in extrahazardous industry.

The fact that our industrial insurance act has been amended subsequent to the cession of Rainier National Park to the Federal government is immaterial. For, as the supreme court of the United States said, in construing § 457, 16 U. S. C. A.: "This plainly means the existing law, as declared from time to time by the state." *Murray v. Gerrick & Co.,* 291 U. S. 315, 54 S. Ct. 432, 92 A. L. R. 1259.

The *existing law* in this state, as relates to injuries to workmen, at the time the cession was accepted, and at the time of the passage of § 457, 16 U. S. C. A. (Sup.), and at the present time, is the industrial insurance act as "declared from time to time by the state."

If the subsequent act (40 U. S. C. A. (Sup.), § 290), providing specifically for the operation of the industrial insurance act in ceded territory, has any relevancy to the problem in this case, it is to dispel any doubt, in that it expressly provides for what must be necessarily inferred from § 457, Title 16 (Sup.), namely, that persons injured in such territory shall be assured of the *remedies* provided by state law.

I dissent.