**MISNER v. CLEVELAND WRECKING CO. OF CINCINNATI et al.**

No. 9975.

District Court, W. D. Missouri, W. D.

Nov. 1, 1938.

Terrence W. Imes, of Kansas City, Mo., for plaintiff Charles T. Misner.

Cowgill & Popham, of Kansas City, Mo., for defendant Cleveland Wrecking Co.

COLLET, District Judge.

The sole question involved is whether this action "arises under the * * * laws of the United States." If it does, the motion to remand must be overruled. If it does not, the motion should be sustained.

The action is one for damages in an amount exceeding $3,000. The petition discloses that the action is based upon both the Missouri occupational disease statute and the Missouri common law duty to furnish a safe place and proper surroundings in which plaintiff might work. A violation of both the statutory and common law duty is charged to be the cause of plaintiff's ailment, described as lead poisoning.

Plaintiff was employed by defendant Cleveland Wrecking Company to assist in razing the Federal Building at Kansas City, Missouri. That building stood on land owned by the United States. While engaged in that employment plaintiff contracted the injuries complained of.

The removing defendant seeks to maintain the jurisdiction of this court upon the theory that since the injuries occurred on property owned by and under the jurisdiction of the United States, and since the laws of the State of Missouri are, by the Act of Congress of February 1, 1928, c. 15, 45 Stat. 54, Title 16, Sec. 457, U.S.C.A., made applicable thereto, it must follow that the laws of Missouri became the laws of the United States, with the result that this action arising under those laws must be said to "arise under the laws of the United States" within the meaning of Secs. 41 and 71, Title 28 U.S.C.A.

Counsel does not suggest that jurisdiction may be predicated upon the theory that a construction of Section 457, supra (which merely makes the Missouri laws ap-

plicable) is involved to such an extent that jurisdiction would exist on that account. If such a theory should be advanced it appears to be settled against the claim of jurisdiction. See People of Puerto Rico v. Russell & Co., etc., 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903.

If I did not possess a wholesome respect for the judgment and ability of the author of the memorandum opinion in Coffman v. Cleveland Wrecking Co., Lautenschlager v. Cleveland Wrecking Co., D. C., 24 F.Supp. 581 concerning this identical question, the motion to remand would have been sustained long ago. After mature reflection, however, I am unable to syncronize my ideas of the meaning and purpose of the above quoted clause of Sec. 41, supra (giving this court jurisdiction of actions which arise under the laws of the United States) with the views expressed in the Lautenschlager Case or in the able opinion in Steele v. Halligan, D.C.Wash., 229 F. 1011, to the same effect.

The object and purpose of a legislative enactment is of paramount importance in its construction and application. When Congress gave Federal Courts jurisdiction of actions arising under the Constitution and Laws of the United States it did so in order that Federal Courts should construe Federal Laws. It has always been the province of the State Courts to construe the statutory laws of the State and Federal Courts have always accepted the meaning given to state statutes by State Courts as final. To what laws then did Congress refer when it provided that Federal Courts should have jurisdiction of actions arising under the laws of the United States? Did it mean the statutory or common law of a state which, because of peculiar and unusual circumstances, and for convenience, in the absence of an existing applicable law of the United States, should apply in certain isolated cases? If so, then there is a Federal common law in spite of the often repeated declaration to the contrary. If so, then what is to become of the rule that to come within the quoted clause of Sec. 41 an action must be one in which the right of recovery depends on Federal Statutes, St. Paul, M. & M. Ry. Co. v. St. Paul & N. P. R. Co., 8 Cir., 68 F. 2? If so, to what ignominious obscurity is the often used guide of classification that a federal law must be an essential ingredient of the cause of action relegated? McGoon v. Northern Pac. Ry. Co., D.C., 204 F. 998.

If defendants' theory be correct then this court has jurisdiction because it may be necessary in this action to determine the proper construction to be given a law of the United States in determining plaintiff's right of recovery under the Missouri occupational disease statute and the Missouri common law. Defendant asserts that the occupational disease statute and the common law now occupy the role of Dr. Jekyll and Mr. Hyde and by reason of section 457, supra, are now in addition to being laws of Missouri, also laws of the United States which this court must construe in determining defendants' liability. The bald assertion of the theory discloses its absurdity. That theory amounts to this: A federal court must take jurisdiction of a case in order to construe laws which it is positively forbidden to construe. These laws are fundamentally and originally, at least, state laws. That is conceded. The state courts have the exclusive right to construe those laws. If it be conceded (as it is not) that these laws are the laws of the United States by adoption, then the law adopted is the law and its construction and since it is not suggested that the occupational disease statute has not been fully construed or the applicable Missouri common law has not been definitely declared by the Missouri courts there can be no opportunity for construction by this court.