### JEWELL v. CLEVELAND WRECKING CO. OF CINCINNATI et al.
### No. 196.

District Court, W. D. Missouri, W. D.
July 28, 1939.

OTIS, District Judge.

The question presented is whether a suit for damages for personal injuries sustained on the site of a federal post office and court house arises under a law of the United States within the meaning of Sections 41 and 71 of Title 28, U.S.C., 28 U.S.C.A. §§ 41, 71.

For many years the post office and court house in Kansas City, Missouri, was located on a block of ground circumscribed by Eighth, Grand, Ninth and McGee Streets. Congress having provided for the erection of a new post office and court house on the same site it was necessary to raze the old building. The Cleveland Wrecking Company, one of the defendants, was awarded the razing contract. The defendant McCullough was its foreman, the plaintiff a laborer on the job. In the course of razing the old building the plaintiff was injured. IIe charges in his petition that his injury was directly caused by the joint and concurrent negligence of the defendants and he demands damages in the amount of $25,000. Plaintiff and McCullough are residents and citizens of Missouri. The Cleveland Wrecking Company, a Delaware corporation, is the removing defendant. The case was removed on the theory that it is one in which "the matter in controversy exceeds * * * the sum * * * of $3,000, and * * * arises under the * * * laws of the United States. * * *" Section 41, Title 28, U. S.C., 28 U.S.C.A. § 41, and that section 71, Title 28, U.S.C., 28 U.S.C.A. § 41, governs.

We have had occasion hitherto to consider and rule the precise question presented (Coffman v. Cleveland Wrecking Co., D.C., 24 F.Supp. 581) and we should now follow that ruling without further inquiry were it not for the fact that our colleagues subsequently reached different conclusions in similar situations.[1] Our respect for their learning and judicial discernment is so great that we have been constrained to re-examine the question.

There is no controversy between the parties but that long before the time of plaintiff's injury the situs of his injury had been acquired by the United States and that all jurisdiction of the State of Missouri over it had been "granted and ceded to the United States" with the single reservation of the right "to serve and execute all proc-

Clif Langsdale, of Kansas City, Mo., for plaintiff.

Cowgill & Popham, of Kansas City, Mo., for defendants.

---

[1] Misner v. Cleveland Wrecking Co., D. C., 25 F.Supp. 763; Jewell v. Cleveland Wrecking Co., 28 F.Supp. 364, decided November 2, 1938.

ess, civil and criminal" upon it. Sections 11072 and 11073, R.S.Mo.1929, Mo.St.Ann. §§ 11072, 11073, p. 4857. The right to legislate for the bit of territory involved was surrendered altogether by the state. From the moment of its acquisition only Congress could legislate for it.

Of course the bit of territory acquired did not become land without law. When one sovereign cedes territory to another sovereign and relinquishes all jurisdiction over the ceded territory, the municipal law imposed by the surrendering sovereign continues in force until the new sovereign alters or repeals it. The rule was stated by the Supreme Court in Chicago, Rock Island & Pacific Railway Company v. McGlinn, 114 U.S. 542, 546, 5 S.Ct. 1005, 29 L.Ed. 270, which concerned territory over which jurisdiction had been surrendered by Kansas to the United States. In that case the Supreme Court relied on its earlier decision in American Insurance Company v. Canter, 1 Pet. 511, 542, 7 L.Ed. 242, in which it was ruled that when Florida was ceded to the United States by Spain the Spanish law remained in force until altered or repealed. It is a principle of international law. It is not to be believed, however, that any good lawyer would contend that after the cession of Florida the Spanish law which remained in force still owed its authority to the Spanish sovereign. It was Spanish law only in its origin. It was American law by adoption and because of the applicable rule of International Law.

When the post office and court house site at Kansas City was acquired the Missouri law governing liability for negligence continued to apply, but it had become the law of the United States, just as the Spanish law became the law of the United States for Florida when Florida was ceded to the United States. Unless Missouri reserved legislative power (and it did not) the jurisdiction of the United States became exclusive. Cf. Collins et al. v. Yosemite Park, etc., Co., 304 U.S. 518, 58 S.Ct. 1009, 82 L.Ed. 1502.

It is expressly provided by the statute (section 71, Title 28, U.S.C., 28 U.S.C. A. § 71) that a case is removable if it arises under the "laws of the United States," if it be one of which the district courts are given original jurisdiction (and they are given original jurisdiction of every case "arising under the * * * laws of the United States" involving more than $3,000). It is our view that the test to determine whether a law is a law of the United States is this: Does it owe its authority to the United States? What does it matter that it may have been borrowed from England or adopted from Missouri or evolved from the ancient law of Rome or taken over with ceded territory from Spain? And it seems obvious to us that any law obtaining in a place over which the United States has exclusive jurisdiction must owe its authority to the United States. It seems equally obvious to us that the statute (section 71, Title 28) which provides that a case shall be removable "if it arises under * * * laws of the United States" does not by implication exclude a law adopted from a state either expressly or through the force of International Law. Cf. Murray v. Joe Gerrick & Co., 291 U.S. 315, 54 S.Ct. 432, 78 L.Ed. 821, 92 A.L.R. 1259.

The motion to remand is overruled. So ordered.