**OLSEN v. McPARTLIN.**

Civ. No. 4027.

United States District Court,
D. Minnesota, Fourth Division.

June 16, 1952.

562

Ellis L. Bursell, Minneapolis, Minn., for plaintiff.

Robert L. Hoppe (of Freeman, King, Larson & Peterson), Minneapolis, Minn., for defendant.

NORDBYE, Chief Judge.

The above-entitled cause came before the Court upon defendant's motion to dismiss the complaint for lack of jurisdiction.

On or about January 12, 1952, automobiles driven by plaintiff and defendant collided on Taylor Avenue in Fort Snelling Military Reservation, Fort Snelling, Minnesota. That road is not one of the Minnesota trunk highways which pass through the reservation. Plaintiff alleges that the accident was proximately caused by the defendant's negligence, and he now sues for damages and injuries he allegedly suffered thereby. Defendant moves to dismiss the action upon the ground that no diversity of citizenship exists between the parties, and that this Court therefore lacks jurisdiction even though the amount in controversy exceeds $3,000. Plaintiff contends that because the accident occurred on Federal Government property, the action arises under the laws of the United States, and that this Court therefore has jurisdiction under 28 U.S.C.A. § 1331 because a federal question exists.

Fort Snelling was established long before Minnesota became a territory or a State, and it now is located completely within the boundaries of the State of Minnesota. The Organic Act which created the Territory of Minnesota, Act March 3, 1849, 9 Stat. 403, the Enabling Act which permitted Minnesota to become a State, Act Feb. 26, 1857, 11 Stat. 166, and the Act of May 11, 1858, which admitted Minnesota to the Union, 11 Stat. 285, all referred only to the geographical area which was to comprise Minnesota. None referred to the area occupied by Fort Snelling or reserved jurisdiction to that area. As a result, Fort Snelling was included within the limits of the State of Minnesota, and it became a part of the State when Minnesota was admitted to the Union. Fort Leavenworth R. R. Co. v. Lowe, 114 U.S. 525, 5 S.Ct. 995, 29 L.Ed. 264. The United States then possessed in the reservation only the rights of an ordinary proprietor, except that "as an instrument for the execution of the powers of the general government, that part of the tract, which was actually used for a fort or military post, was beyond such control of the state, by taxation or otherwise, as would defeat its use for those purposes. So far as the land constituting the reservation was not used for military purposes, the possession of the United States was only that of an individual proprietor." Fort Leavenworth R. R. Co. v. Lowe, supra, 114 U.S. at page 527, 5 S.Ct. at page 996, and Minnesota laws applied. Chicago, R. I. & Pacific Ry. Co. v. McGlinn, 1884, 114 U.S. 542, 547, 5 S. Ct. 1005, 29 L.Ed. 270.

However, by Chapter 57 of the General Laws of 1889, Minnesota ceded to the United States jurisdiction over territory which constituted the Fort Snelling Military Reservation. Chapter 57 provided, in part,

"Section 1. That jurisdiction is hereby ceded to the United States of America over the following described territory, to-wit: [Fort Snelling's legal description then was set forth].

"Sec. 2. From the cession of jurisdiction to the United States, hereby granted, the following reservation is

hereby made, to-wit: The state of Minnesota shall have and hereby does reserve and retain concurrent jurisdiction with the United States in and over the territory aforesaid, so far as may be necessary for said state and its officers to serve any process or papers, civil or criminal, that may be lawfully issued under the authority of said state or of any of the departments of the government thereof, and to arrest on said territory and punish any person or persons charged with crime against the laws of said state, whether committed within or without the boundaries of said territory, in the same manner and to the same extent as though said cession * * * had not been made."

Consequently, after 1889, the Federal Government possessed exclusive jurisdiction over the land comprising the Fort Snelling Military Reservation except for the conditions and limitations imposed by Chapter 57. For the general rule is that a state may cede to the United States exclusive jurisdiction over a tract of land wholly within the state for the purpose of erecting and maintaining a fort and other needful buildings, prescribing only such conditions and reservations to the cession as are consistent with the effective use of the property for the purposes intended. Fort Leavenworth R. R. Co. v. Lowe, 1884, 114 U.S. 525, 5 S.Ct. 995, 29 L.Ed. 264.

█ The cession made by Chapter 57 "* * * was upon condition that the public highways across the reservation be kept open for public traffic. Concurrent jurisdiction to serve process, civil and criminal, of the state, and to arrest persons charged with offenses against the laws of the state, was retained. There was no other limitation." Storaasli v. Minnesota, 1931, 283 U.S. 57, at page 59, 51 S.Ct. 354, 75 L.Ed. 839.

No jurisdiction over civil rights or causes of action arising on the reservation was retained by the State. Consequently, the Federal Government's jurisdiction over such rights and causes of action was exclusive after 1889 over actions like the instant one. Murray v. Joe Gerrick & Co.,

1934, 291 U.S. 315, 318, 54 S.Ct. 432, 78 L.Ed. 821. Only by the consent of the Federal Government could the State thereafter possess jurisdiction over any part of the Fort Snelling reservation as to civil actions arising on the reservation or any part of it. Therefore, the United States, not the State of Minnesota, possesses jurisdiction over the area upon which the accident in question here occurred. No record shows that the United States has returned jurisdiction to the State as to civil actions with respect to the area in question here.

█ In Murray v. Joe Gerrick & Co., 291 U.S. 315, at page 319, 54 S.Ct. 432, at page 434, the Supreme Court held,

"* * * when political jurisdiction and legislative power over territory are transferred from one sovereign to another, the municipal law of the place continues in force until abrogated by the sovereign." (Citing cases.)

Consequently, when the State ceded the area to the Federal Government, the Minnesota laws existing *at that time* continued to govern the rights of the occupants of the territory in question until changed by Congress. James Stewart & Co. v. Sadrakula, 1939, 309 U.S. 94, 100, 60 S.Ct. 431, 84 L.Ed. 596. They are applied as the law of the federal government, not of the state government, after the land is ceded. Chicago, R. I. & Pacific Ry. Co. v. McGlinn, 1884, 114 U.S. 542, 546, 547, 5 S. Ct. 1005, 29 L.Ed. 270; Murray v. Joe Gerrick & Co., supra; James Stewart & Co. v. Sadrakula, supra. The Murray case involved personal injuries suffered in the Puget Sound Navy Yard. The McGlinn case involved the killing of a cow by a railroad train on government property. The Sadrakula case involved an accidental death on a post office site in New York.

█ In view of these rules, it seems apparent that the Minnesota rules of liability apply here as the federal law. Because federal law determines the liability of the defendant herein, it follows that even tho federal law is comprised of Minnesota law, this action arises under the laws of the United States, Jewell v. Cleveland Wreck-

564

ing Co. of Cincinnati, D.C.1939, 28 F. Supp. 366, reversed on other grounds, 8 Cir., 111 F.2d 305, and that this Court possesses jurisdiction in this case which involves a controversy in excess of $3,000. Steele v. Halligan, D.C.1916, 229 F. 1011.

Whether this Court would possess jurisdiction over accidents occurring upon other streets or upon state trunk higways on the reservation is not decided. The Court also reserves the question of whether Congress has enacted any statute which permits application of Minnesota negligence law post-dating 1889. The fact that Minnesota state law may have changed since 1889 does not, *ipso facto* change the laws applicable as federal laws to Fort Snelling. James Stewart & Co. v. Sadrakula, supra, 309 U.S. at page 100, 60 S.Ct. at page 434. That Congress has returned the jurisdiction of this tract to the State or enacted federal negligence laws which apply here is not claimed by either party and is not revealed by a check of the statutes. Whether Congress has adopted subsequently enacted Minnesota statutes as the law for the reservation is not before the Court now and does not affect the question presented. But see 16 U.S.C.A. § 457.

In view of these premises, defendant's motion must be, and hereby is, in all things denied. It is so ordered.

An exception is reserved to defendant.