**ZENITH RADIO CORP. v. RADIO CORP. OF AMERICA et al.**

Civ. A. 982, 1098 and 1247.

United States District Court
D. Delaware.

Jan. 30, 1953.

Arthur G. Connolly, Wilmington, Del., Willis H. Taylor, Jr. and R. Morton Adams, of Pennie, Edmonds, Morton, Barrows & Taylor, New York City, N. Y., Burton K. Wheeler and George F. Hirmon, Washington, D. C., Irving Herriott and Francis W. Crotty, Chicago, Ill., Thomas F. Reddy, Jr., New York City, for plaintiff.

Caleb S. Layton, of Richards, Layton & Finger, Wilmington, Del., Stephen H. Philbin, of Fish, Richardson & Neave, John T. Cahill and John W. Nields, of Cahill, Gordon, Zachry & Reindel, William R. Davis and Brian Forrow, New York City, N. Y., for defendant Radio Corp. of America.

William Prickett, Wilmington, Del., John E. F. Wood and Henry R. Ashton, of Fish, Richardson & Neave, New York City, N. Y., for defendant Western Electric Co., Inc.

John J. Morris, Jr., of Hering, Morris, James & Hitchens, Wilmington, Del., Albert C. Bickford and Thomas Thacher, of Simpson, Thacher & Bartlett, New York City, N. Y., for defendant General Electric Co.

LEAHY, Chief Judge.

Plaintiff has filed its petition for reconsideration of the matters decided in the court's opinion of June 13, 1952, D.C.Del., 106 F.Supp. 561. Plaintiff also proposes further pretrial procedures. In support of its action Zenith has filed an "Opening Statement", an "Appendix of Documents", together with an affidavit of R. Morton Adams relating to various infringement suits brought by defendants against manufacturers and dealers in the radio industry under the alleged pooled patents of defendants.

Plaintiff argues it seeks two forms of relief: 1. injunction against threatened damage to its business resulting from defendants' violation of the antitrust laws which takes the form of an illegal patent pool; restraint against defendants from suing or threatening to sue plaintiff; and 2. a judgment for plaintiff against defendants' counterclaimed patents for the reason they were unenforceable as constituting part of the illegal patent pool. The opening statement raises three issues of violation of the antitrust laws, namely:

1. Division of fields;
2. Division of territories;
3. Domination of the industry.

In my former opinion 106 F.Supp. 561, contrary to what Zenith now argues, I did not deprive Zenith of its alleged cause of action or any relief sought as a result of violation of the antitrust laws by defendants. I merely fixed the historical frame of reference as to evidentiary matters, and the chronology of proof to sustain plaintiff's alleged causes of action. The complexity and magnitude of this particular litigation is such there will be numerous occasions when both plaintiff and defendants will return to the court for consultation, at pretrial, as to the procedural blue-prints which should be formulated to try the several issues relied on by plaintiff. However, for present purposes, and in order to move the litigation along, the

914

questions decided in my former opinion will stand. As to plaintiff's proposals for further pretrial conferences, I may state a pretrial conference is always available to litigants. They should, however, indicate what should be on the agenda for discussion and consideration.

The petition for reconsideration will be denied. There is entered herewith an order on this court's opinion of June 13, 1952.