THE ATTORNEY GENERAL
OF TEXAS



JOHN L. HILL
ATTORNEY GENERAL

January 26, 1976

The Honorable Bevington Reed
Commissioner
Coordinating Board
Texas College and University
     System
P. O. Box 12788, Capitol Station
Austin, Texas   78711

Opinion No. H-771

Re:  Authority of out-of-
state educational institu-
tions to conduct courses
leading to degrees without
the permission of the
Coordinating Board.

Dear Commissioner Reed:

     You have requested our opinion regarding whether out-
of-state institutions of higher education may conduct courses
at United States military bases located in the State of
Texas without the express permission of the Coordinating
Board.   Section 61.402 of the Education Code, enacted in
1975, provides:

> Public institutions of higher education
> established outside the boundaries of the
> State of Texas must have the approval of
> the coordinating board before offering a
> course or a grouping of courses within
> the State of Texas.

A similar provision requires Coordinating Board approval for
private out-of-state institutions.  Education Code § 61.301
et seq.

     The Legislature has recognized the right of the United
States to the possession of certain lands within the geograph-
ical boundaries of the State of Texas.   V.T.C.S. art. 5242.

The Governor is authorized to cede to the United States exclusive jurisdiction over such lands, provided that cession is made upon the express condition that the State shall retain concurrent jurisdiction with regard to the execution of civil and criminal process. V.T.C.S. art. 5247. Since you have not limited your inquiry to specific military bases, we will first assume that the federal government has obtained exclusive jurisdiction over the geographical area in which the courses are conducted, subject to the proviso of article 5247.

In Pacific Coast Dairy, Inc. v. Department of Agriculture of California, 318 U.S. 285, 294 (1943), the United States Supreme Court held that a California milk control statute enacted after the federal government had acquired jurisdiction of a military enclave was without force within the enclave. In James Stewart & Co. v. Sadrakula, 309 U.S. 94 (1940), the Court reached a similar result:

> Since only the law in effect at the time
> of the transfer of jurisdiction continues
> in force, future statutes of the state
> are not a part of the body of laws in
> the ceded area. 309 U.S. at 100.

See also Murray v. Joe Gerrick & Co., 291 U.S. 315 (1934).

Texas courts have recognized this federal prerogative. In Independent School District of City of El Paso v. Central Education Agency, 247 S.W.2d 597 (Tex.Civ.App.-Austin 1952), aff'd, 254 S.W.2d 357 (Tex. Sup. 1953), the court quoted a 1921 Opinion of the Attorney General, which found that "the State of Texas has lost its legislative jurisdiction for school purposes over a military reservation owned by the United States government and . . . our various statutes regulating school affairs generally have been superseded in such territory by such provisions as the Congress of the United States may make. . . ." 247 S.W.2d at 605. In Adams v. Calvert, 396 S.W.2d 948, 951-52 (Tex. Sup. 1965), the Texas Supreme Court declared that, where the State had ceded exclusive jurisdiction over certain lands to the United States, reserving only the jurisdiction to execute judicial process thereon, the State was without authority to tax

privately owned coin-operated machines located on those
lands. And in Attorney General Opinion O-4764 (1942), this
office held that, as to persons practicing dentistry under
the order and direction of the commanding officer of an
alien detention camp maintained by the federal government,
State regulations regarding the practice of dentistry are
not applicable even though the United States has not acquired
exclusive jurisdiction over the federal enclave.

The substantial weight of authority thus indicates that
the Coordinating Board does not have jurisdiction to regulate
the activities of out-of-state educational institutions
operating upon lands over which the United States has pre-
viously obtained exclusive jurisdiction. As a result, it is
our opinion that, in such areas, out-of-state institutions
of higher education may conduct courses at United States
military bases without the express permission of the Coordin-
ating Board. Even though such courses are offered to dependents
of military personnel or to civilians not related to military
personnel, we believe that, so long as the United States
exercises exclusive jurisdiction over a particular geograph-
ical area, the State is without authority to regulate the
educational activities conducted within that area.

As to military bases over which the United States has
not obtained exclusive jurisdiction, the answer to your
question depends upon the terms of the deed by which the
land was ceded to the federal government. As the Texas
Supreme Court observed in Adams v. Calvert, supra:

> By the federal law the Governor could
> reserve all jurisdiction over the lands
> consistent with the federal uses, but no
> more, and by Article 5247 the Governor
> was required to reserve only jurisdiction
> to execute state judicial process anywhere
> on the lands. There is no sound reason
> for saying that the authority conferred
> on the Governor by Art. 5247 to cede
> exclusive jurisdiction does not include
> authority to cede a lesser jurisdiction.

> We hold, therefore, that in the area
> between the maximum permitted by federal
> law and the minimum required by Article
> 5247, the extent of jurisdiction reserved
> to the State over lands acquired by the
> United States with the consent given in
> Article 5242 is, in the absence of other
> limitations, a matter for negotiation by
> the Governor and is settled and concluded
> by his deed of cession. . . . 396
> S.W.2d at 950.

See Attorney General Opinion H-110 (1973).

In order, however, for any limitation contained in the cession agreement to apply to a subsequently enacted statute, the agreement would have to specify that the cession was made subject to "any statute hereinafter adopted by the Legislature" or to some similar condition. Absent such a broad reservation of State jurisdiction in the cession agreement, no statute enacted thereafter could be deemed to be included therein. Thus, we conclude that the Coordinating Board may not regulate the activities of out-of-state educational institutions operating on military bases over which the United States has not obtained exclusive jurisdiction unless the deed of cession to the federal government specified that the cession was made subject to any subsequent act of the Legislature.

## S U M M A R Y

> In areas where the United States has
> obtained exclusive jurisdiction, out-of-
> state institutions of higher education
> may conduct courses at federal military
> bases without the express permission of
> the Coordinating Board. On military
> bases over which the United States has

not acquired exclusive jurisdiction, the
Coordinating Board is nevertheless
without authority to regulate the activities
of such educational institutions unless
the deed of cession to the federal
government specified that the cession
was made subject to any subsequent act
of the Legislature.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb