E. E. MORGAN COMPANY, INC., *v*. STATE, USE PHILLIPS COUNTY.

4-6344                                          150 S. W. 2d 736

Opinion delivered May 5, 1941.

*Hall & Hall* and *Brewer & Cracraft,* for appellant.

*John L. Anderson* and *Douglas S. Heslep,* for appellee.

McHANEY, J.   This is an appeal from a judgment for a $1,000 penalty against appellant, a foreign corporation, for doing business in this state without complying with applicable statutes relating thereto, §§ 2247 to 2250, inclusive of Pope's Digest.   The complaint alleged and the answer admitted the doing of business in this state without such compliance, but the defense was that the only business transacted in this state consisted in the construction of a levee in the White River Levee Drainage District, under a contract with the United States, let pursuant to the act of Congress approved May 15, 1928, 45 Stat. 534, Chap. 569, 33 USCA, § 702 *et seq.;* that the United States, through its district engineer, had advertised for bids for doing said work; that it had mailed a bid from its office in Jackson, Mississippi, to said engineer at Memphis, Tennessee, which bid was accepted; that said engineer mailed to it a contract, which it signed and returned to said engineer at Memphis by mail; and that it thereafter entered upon such construction work in Arkansas.   It, therefore, alleged that it was exempt from said statutes, and could not be held liable thereunder without violating the commerce clause and

the due process clause of the Fourteenth Amendment to the Constitution of the United States. A demurrer to this answer was interposed and sustained. Upon its refusal to plead further, judgment was entered as above stated. This appeal followed.

The contention of appellant is that the above sections of our statutes have no application to it because it was "working under employment of the Federal Government in the state of Arkansas." Does that fact exempt it? We think not.

Article 10 of the contract between the Government and appellant requires appellant to "obtain all required licenses and permits and be responsible for all damages to persons or property that occur as a result of his fault or negligence in connection with the prosecution of the work." While this article of the contract is not of controlling importance in determining the question of law presented, it is a declaration that, if the contractor is required by local law to obtain any licenses or permits, it must do so at its own expense and that its status as a contractor with the Government may not exempt it from local law.

Appellant relies upon *Osborn* v. *Bank of United States,* 9 Wheat. 738. There the bank was created by an Act of Congress and sought to restrain the State Auditor of Ohio who was attempting to collect a penalty or fine from it because it had established a branch and was doing business in that state without compliance with the banking laws of that state. The injunction was granted in the lower court and sustained in the Supreme Court. The decision was based upon the distinction there pointed out by Chief Justice MARSHALL between a "private corporation, engaged in its own business with its own views" and "a public corporation, created for public and national purposes." As to the former, a "mere private corporation," he said it "would certainly be subject to the taxing power of the state, as an individual would be; and the casual circumstance of its being employed by the government in the transaction of its fiscal affairs would no more exempt its private business from the operation

of that power than it would exempt the private business of an individual employed in the same manner." As to the bank it was said: "But the bank is not such an individual or company. It was not created for its own sake, or for private purposes."

Appellant cites a number of other cases which we have carefully considered, but find them without controlling effect here. We cannot undertake to set them out and point out the distinctions. One of such cases is *Gunn* v. *White Sewing Machine Co.,* 57 Ark. 24, 20 S. W. 591, 18 L. R. A. 206, 38 Am. St. Rep. 223. There the point for decision was whether the appellee, a foreign corporation, was doing business in this state without having complied with our laws. It was held that it was not, but was engaged in interstate commerce. Mr. Justice BATTLE there quoted from *Pembina Consol. Silver Min. & Milling Co.* v. *Pennsylvania,* 125 U. S. 181, 8 S. Ct. 737, 31 L. Ed. 650, as follows: "The only limitation upon this power of the state to exclude a foreign corporation from doing business within its limits, or hiring offices for that purpose, or to exact conditions for allowing the corporation to do business or hire offices there, arises where the corporation is in the employ of the federal government, or where its business is strictly commerce, interstate or foreign. The control of such commerce being in the federal government is not to be restrained by state authority." Citing cases. Appellant relies upon the language in the above quotation, "where the corporation is in the employ of the federal government," as being authority for its exemption from our statutes above cited. But we think appellant was not "in the employ of the federal government" in the sense there used. It was under contract with the government to do a specific job in a certain way, using its own equipment and hiring its own employees, a typical case of independent contractor, and the ordinary relation of employer and employee, master and servant, principal and agent did not exist between it and the government. That it is an independent contractor and is not a government instrumentality, there can be no doubt. It was so held in the comparatively recent case of *Trinity-farm Construction Co.* v. *Grosjean,* 291 U. S. 466. 54 S.

Ct. 469, 78 Law Ed. 918, where the appellant unsuccessfully sought to evade the payment of a state excise tax on gasoline consumed by it under a contract with the government, as here, to construct levees on the Mississippi River. See, also, *James* v. *Dravo Contracting Co.*, 302 U. S. 134, 82 Law Ed. 125, 58 S. Ct. Rep. 208, to the same effect. In *James Stewart & Co.* v. *Sandrakula*, 309 U. S. 94, 60 S. Ct. 431, 84 Law Ed. 596, 127 A. L. R. 821, the court, speaking of a contract between Stewart & Company with the government to construct a post office building, said: "While, of course, in a sense the contract is the means by which the United States secures the construction of its post office, certainly the contractor in this independent operation does not share any governmental immunity." Citing the *Dravo Contracting Co.*, case *supra*, and *Helvering* v. *Mountain Producers Corp.*, 303 U. S. 376, 58 S. Ct. 623, 82 L. Ed. 907.

Appellant says these cases are not in point, because they relate to taxes to be paid, either property, excise or privilege, or to state regulations after admission into the state, by a foreign corporation. It is conceded that such taxes are payable and local regulations valid, but that the requirements of the above statutes as to admission into the state are not applicable to a corporation doing work in this state under a government contract, because "the government might be deprived of desirable bids and agencies for its construction work to its loss, for it is easily conceivable that many corporations might rather forego a particular contract with the government than domesticate generally under the laws of the state where the work is to be done because of the consequences incident to general domestication, not to mention the cost of domestication which in some states is large." This reasoning does not carry conviction, and we can see no more reason for the power to tax such a corporation under state law than the power to require it to comply with state laws in order to do business in the state and to pay the reasonable fees provided therefor.

Nor can we agree with appellant that the requirements of our statutes above cited, as here construed, render them repugnant to either the commerce clause or

the due process clause of the 14th Amendment to the Constitution. *Trinityfarm Construction Co.* v. *Grosjean, supra.*

The judgment is accordingly affirmed.