[Civ. No. 13784.   First Dist., Div. Two.   June 16, 1948.]

MORAN TOWING & TRANSPORTATION COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Dorr, Cooper & Hays, Dorr, Stevenson & Cooper for Petitioner.

Fitz-Gerald Ames, Sr., and Hugh B. Miller for Respondent.

DOOLING, J.—Petitioner, Moran Towing and Transportation Company, a corporation organized under the laws of New York, was sued for the wrongful death of one Fred

Schwecke. The corporation having withdrawn from the state, service was made on the secretary of state pursuant to Corporations Code, section 6504 (formerly Civ. Code, § 406a). Petitioner appeared specially on a motion to quash and its motion was denied. It seeks a writ of prohibition on the grounds that it was not engaged in any intrastate business in California and that its sole business in California was as an agent of the United States government.

█ Petitioner entered California solely for the performance of a ''general agency agreement'' with the War Shipping Administration of the United States. Under this agreement it opened an office in San Francisco and had charge of a fleet of tugboats belonging to the United States while they were in San·Francisco Bay, repairing, supplying and maintaining them, purchasing food for use on board, hiring crews, and paying for such supplies, repairs and maintenance, and the wages of the crews. When the tugs were to leave San Francisco Bay they sailed under sealed orders furnished by the U. S. Navy. For its services petitioner received $630 per month per tug. While the tugs were not engaged in intrastate commerce but went exclusively to foreign ports or to the open sea as a part of the war effort, that the petitioner's activities were of a character to constitute the doing of intrastate business is made clear by the recent decision in *Oro Navigation Co.* v. *Superior Court*, 82 Cal.App.2d 884 [187 P.2d 444]. Indeed the particular tugboat on which the decedent Schwecke met his death had been withdrawn from service and was docked in San Francisco Bay preparatory to being decommissioned here.

█ The more serious question is presented by the claim that the petitioner was constitutionally exempt from state regulation, including the requirement that upon withdrawing from the state it remain subject to substituted service, by reason of the fact that it entered the state and transacted business herein solely on behalf of the United States of America. Petitioner relies on *Pembina Consolidated Co.* v. *Pennsylvania*, 125 U.S. 181 [8 S.Ct. 737, 31 L.Ed. 650]; *Horn Silver Mining Co.* v. *New York*, 143 U.S. 305, 314-315 [12 S.Ct. 403, 36 L.Ed. 164]; and *Boteler* v. *Conway*, 13 Cal. App.2d 79, 84 [56 P.2d 587]. Those cases contain language indicating that the state can impose no restrictions upon a foreign corporation entering the state solely as an agent of the federal government.

However, this rule is not absolute. Cases from the Supreme Court of the United States later than those cited by petitioner are collected in 23 American Jurisprudence, page 243, in support of the following statement: "However, a state is not precluded from the exercise of its normal powers over a foreign corporation . . . because the corporation's business in a state consists in part, or even entirely, in the assumption and the performance of obligations under contracts with the Federal Government, made in furtherance of Federal purposes, so long as there is no discrimination against such corporation on account of the Federal nature of its business, and no attempt is made to impose direct burdens upon the Federal contract itself."

Specifically in *Ohio River Contract Co.* v. *Gordon,* 244 U.S. 68 [37 S.Ct. 599, 61 L.Ed. 997], the plaintiff in error was an Indiana corporation which entered the State of Kentucky solely to perform a contract with the federal government. Service was made on an agent designated for the purpose under compulsion of a Kentucky statute. The plaintiff in error insisted that the trial court was without jurisdiction "because when the accident occurred the company and the plaintiff were engaged in work under a contract with the United States Government."

The answer of the court to this argument was: "We at once put out of view the contention that the trial court was without jurisdiction because the parties at the time of the accident were engaged in work under a contract with the United States Government since the want of merit in the proposition has been previously established." (Citing *Gromer* v. *Standard Dredging Co.,* 224 U.S. 362, 371 [32 S.Ct. 499, 56 L.Ed. 801].)

And the Supreme Court of Arkansas, having the precise question before it, held that a foreign corporation, even though in the state solely pursuant to a federal contract, was bound to comply with the state laws as to the terms of entry into the state, and was subject to penalty for failure to do so. The court aptly said: ". . . and we can see no more reason for the power to tax such a corporation under the state law than the power to require it to comply with state laws in order to do business in the state. . . ." (*E. E. Morgan Co., Inc.* v. *State,* 202 Ark. 404 [150 S.W.2d 736]. Motion to dismiss granted for want of substantial question. Rehearing denied 314 U.S. 571 [62 S.Ct. 77, 86 L.Ed. 463].)

It seems clear from the decisions that a foreign corporation entering a state to perform services for the United States of America under a contract with it is not immune from reasonable state regulation. While the contract here is called a ''general agency agreement'' its terms are not pleaded and nowhere appear in the record. We must assume if necessary in the absence of proof to the contrary that the petitioner was in fact an independent contractor rather than a true agent in the strict legal sense.

*Guerin Mills* v. *Barrett*, 254 N.Y. 380 [173 N.E. 553], deals with the power to regulate a foreign corporation engaged solely in interstate commerce. It is not in point since a foreign corporation acting for the federal government is amenable to state regulations which cannot be imposed on one doing a strictly interstate business. (*James* v. *Dravo Contracting Co.,* 302 U.S. 134, 158 [58 S.Ct. 208, 82 L.Ed. 155, 114 A.L.R. 318].)

The petition for a writ of prohibition is denied.

Nourse, P. J., and Goodell, J., concurred.