LESLIE MILLER, INC. *v.* STATE.

4807-8-9-10                                   281 S. W. 2d 946

Opinion delivered July 4, 1955.

[Rehearing denied October 3, 1955.]

*Sherrill, Gentry & Bonner,* for appellant.

*Tom Gentry,* Attorney General, *Thorp Thomas,* Assistant Attorney General, and *Mehaffy, Smith & Williams,* for appellee.

*Warren E. Gurger,* Asst. U. S. Attorney General, and *Osro Cobb,* U. S. District Attorney, *Amici Curiae.*

LEE SEAMSTER, Chief Justice. In each of these cases, the appellants were found guilty in Pulaski Circuit Court on each of two counts of an information filed by the Prosecuting Attorney of Pulaski County, Arkansas, on behalf of the State of Arkansas. The separate informations charged appellants with violating the provisions of Act 124 of 1939, as amended (Ark. Stats. 1947, §§ 71-701 to 71-721) in that each of the appellants, without authority from the Contractors Licensing Board, (1) submitted a bid to the United States for the construction of certain facilities at a cost in excess of $20,000 on property owned, or leased, by the United States in Arkansas and (2) thereafter executed a contract to do said construction and entered into the performance of the contract. In each case, appellants were assessed a fine in the sum of $100 on each of the two counts of the information.

The contract with appellant, Engineering Construction Corporation, is for construction of an Air National Guard installation in Sebastian County, Arkansas, on property leased from the City of Fort Smith for that purpose. The other appellants, Ramsey and Leftwich, Tecon Corporation and Leslie Miller, Inc., have contracts for construction of facilities at the Air Force Base in Pulaski County, Arkansas. All of the above contracts greatly exceed the statutory minimum of $20,000. It is agreed that the lands on which the facilities are being constructed were purchased or leased, by the United States with the consent of the State of Arkansas but that the United States Government has not accepted

jurisdiction over the lands as provided in 40 U. S. C. A. 255.

In each of the instant cases, appellants expressly deny that Act 124 of 1939, as amended, is applicable to its activities in placing the aforesaid bids, procuring the contracts, and performing work thereunder. The appellants contend that the stipulation in each of the cases shows that the lands upon which the contract is to be performed for the agency of the United States Government are either owned or leased by the United States or its agency for one of the purposes mentioned in Article 1, § 8, Paragraph 17, of the United States Constitution and the State by the provisions of § 10-1101 of the Arkansas Statutes, Anno., has consented to the acquisition by the United States of these lands, and has relinquished jurisdiction of the lands. The appellants rely upon the case of *Lynch* v. *Hammock,* 204 Ark. 911, 165 S. W. 2d 369, in which this Court stated: ''We think it clear, under the above authorities, that the laws, supra, affecting the practice of medicine and surgery in Arkansas do not control and cannot apply to the rights of Dr. Lynch to practice on property, the jurisdiction over which has been surrendered to the United States, and the title to which property has been acquired by the United States by purchase.''

There is nothing in this opinion to indicate that 40 U. S. C. A. 255 was called to this Court's attention at that time or that the statute was considered. On the other hand it is quite apparent that this Court, in deciding the Lynch case considered only two things: (1) had jurisdiction over the lands in question been surrendered by the State to the United States; and (2) had title to the property been acquired by the United States.

40 U. S. C. A. 255 provides in part as follows: ''Notwithstanding any other provision of law, the obtaining of exclusive jurisdiction in the United States over lands or interests therein which have been or shall hereafter be acquired by it shall not be required; but the head or other authorized officer of any department or independent

establishment or agency of the Government may, in such cases and at such times as he may deem desirable, accept or secure from the State in which any lands or interests therein under his immediate jurisdiction, custody, or control are situated, consent to or cession of such jurisdiction, exclusive or partial, not theretofore obtained, over any such lands or interests as he may deem desirable and indicate acceptance of such jurisdiction on behalf of the United States by filing a notice of such acceptance with the Governor of such State or in such other manner as may be prescribed by the laws of the State where such lands are situated. Unless and until the United States has accepted jurisdiction over lands hereafter to be acquired as aforesaid, it shall be conclusively presumed that no such jurisdiction has been accepted.''

In the case of *Adams* v. *United States,* 319 U. S. 312, 63 S. Ct. 1122, 87 L. Ed. 1421, the U. S. Supreme Court stated: ''Since the Government had not given the notice required by the 1940 Act, it clearly did not have either exclusive or partial jurisdiction over the camp area. . . . Since the Government had not accepted jurisdiction in the manner required by the Act, the Federal Court had no jurisdiction of this proceeding. In this view it is immaterial that Louisiana statutes authorize the Government to take jurisdiction, since at the critical time the jurisdiction had not been taken.'' The opinion in the Lynch case was delivered on November 9, 1942. The Adams case was decided on May 24, 1943.

There can be no argument to the well settled principle that state sovereignty is complete except as clearly abdicated to the Federal Government by the Federal Constitution or by legislative act of cession. Therefore, state sovereignty is presumed in the absence of clear and explicit constitutional or legislative enactment to the contrary.

The appellants next contend that Ark. Stats., §§ 71-701 to 71-721, directly interferes with the performance of federal functions and cannot, therefore, under the doctrine of implied inter-governmental immunity, con-

stitutionally apply to appellants' activities herein. It is contended that the enforcement of the provisions of the Act is in contravention of the sovereign power of the United States, as Article 4, § 3, Clause 2, of the Constitution of the United States expressly grants to Congress the power to make all needful rules and regulations respecting property belonging to the United States.

The facts in these cases clearly show that the appellants are independent contractors. The fact that each appellant had a contract, in excess of $20,000, with the United States to construct buildings on United States Government property does not grant to them immunity from the State's law (Ark. Stats., §§ 71-701 to 71-721) which requires contractors to procure a contractor's license before they can legally bid, contract or perform work on a contract, in Arkansas.

The United States Government is not a party to this suit, nor are the appellants herein, agents or representatives of the United States Government. An independent contractor is not clothed with governmental immunity solely because of his contractual relationship with the Federal Government. A tax imposed upon an independent contractor is not laid upon a government instrumentality. *Ernest K. James* v. *Dravo Contracting Co.,* 302 U. S. 134, 82 L. Ed. 155, 58 S. Ct. 208; *Metcalf and Eddy* v. *Mitchell,* 269 U. S. 514, 46 S. Ct. 172, 70 L. Ed. 384; *Alabama* v. *King and Boozer,* 314 U. S. 1, 62 S. Ct. 43, 86 L. Ed. 3; *Graves* v. *New York, ex rel. O'Keefe,* 306 U. S. 466, 59 S. Ct. 595, 83 L. Ed. 927.

By analogy to these tax cases, state regulation of independent contractors has also been sustained in the face of increased economic burdens passed on indirectly to the Government by the independent contractors. *Penn Dairies* v. *Milk Control Commission,* 318 U. S. 261, 63 S. Ct. 617, 87 L. Ed. 748; *Stewart & Co.* v. *Sadrakula,* 309 U. S. 94, 60 S. Ct. 431, 84 L. Ed. 596; *Railway Mail Ass'n* v. *Corsi,* 326 U. S. 88, 65 S. Ct. 1483, 89 L. Ed. 2072; *E. E. Morgan Co., Inc.* v. *State, Use Phillips County,* 202 Ark. 404, 150 S. W. 2d 736; *Sollitt & Sons Construction Co.* v.

*Commonwealth of Virginia,* 161 Va. 854, 172 S. E. 290, 91 A. L. R. 774; *Ohio River Contract Co.* v. *Gordon,* 244 U. S. 68, 37 S. Ct. 599, 61 L. Ed. 997.

Since the appellants admit that they have violated the provisions of the Act, if the Act is applicable to them, we must therefore affirm the judgment of the trial court in each of the above cases.