# OHIO RIVER CONTRACT COMPANY *v.* GORDON, JUDGE OF THE JEFFERSON CIRCUIT COURT.

### ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 594. Argued April 9, 1917.—Decided May 21, 1917.

The fact that personal injuries sued for occurred while plaintiff was employed on work which defendant was performing under contract with the United States does not prevent a state court from entertaining the action.

An Indiana corporation, in constructing a canal for the United States on a federal reservation in Kentucky, carried the excavated materials over a railroad it had built for the purpose, to land belonging to another and dumped them there with such owner's consent. The dump and, in part, the railroad were within Kentucky and outside the reservation. *Held,* that without regard to whether the jurisdiction over the reservation was exclusively federal, the transport and deposit of the materials beyond its limits was such a doing of business in Kentucky as subjected the corporation to the jurisdiction of the courts of that State in a transitory action.

The corporation was sued in a Kentucky court for injuries suffered by an employee while engaged upon the work within the reservation, a summons being served in the reservation on an agent whom it had designated under the Kentucky law for receiving service of process in case of suit, and an alias summons being served on the agent while off the reservation at his home in Kentucky. *Held*, that, if the first service was void upon the ground that jurisdiction over the reservation was exclusively in the United States, the second was good, since the corporation did business in the State outside the reservation.

An action for personal injuries suffered on a reservation under exclusive jurisdiction of the United States, being transitory, may be maintained in a state court which has personal jurisdiction of the defendant.

170 Kentucky, 412, affirmed.

THE case is stated in the opinion.

*Mr. W. Overton Harris*, with whom *Mr. A. E. Richards* was on the brief, for plaintiff in error.

*Mr. Matthew O'Doherty*, with whom *Mr. Morton K. Yonts* was on the briefs, for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

In July, 1914, one Haines sued the Ohio River Contract Company, the plaintiff in error, and Swisher, one of its employees, in the Circuit Court of Jefferson County, Kentucky, to recover damages resulting from personal injuries alleged to have been occasioned by the negligence of the defendants while Haines was in the employ of the company. The defendant company by appropriate pleadings challenged the power of the court to entertain the suit both because of the want of jurisdiction over the corporation and over the subject-matter of the suit. Briefly the facts were these:

The Contract Company was a corporation organized

under the laws of Indiana and had its principal place of
business in that State.  At the time in question it was
engaged within the geographical limits of the State of
Kentucky in constructing under a contract with the
United States Government a canal with locks and dam
on the Ohio River on a piece of land known as the Canal
Reservation acquired by the United States by purchase
or condemnation from the State of Kentucky with the
consent of its legislature.  While most of the work under
the contract was performed on the land thus acquired,
the earth and rocks excavated in the construction of the
canal were hauled over railroad tracks laid by the defend-
ant company on land outside of the canal reservation and,
through an arrangement with the Kentucky and Indiana·
Terminal Railway Company, were dumped on its property
in the State of Kentucky.  The accident which gave rise
to the injuries complained of occurred in the course of the
work on the canal reservation.  In conformity with a
statute of Kentucky the company had designated an
agent in the State upon whom process might be served
in the event suits were brought against it in the State.
The summons issued in the cause was served on the desig-
nated agent when he was on the land of the United States,
but subsequently an alias summons was served on him at
his home in Louisville.

Under these facts it was insisted the court was without
jurisdiction (a) because when the accident occurred the
company and the plaintiff were engaged in work under a
contract with the United States Government; (b) because
the cause of action arose on land acquired by the United
States by purchase or condemnation with the consent of
the legislature of Kentucky and therefore under Article I,
§ 8, clause 17, of the Constitution of the United States
the jurisdiction of the Federal Government was exclusive;
(c) because the service of the original summons was void,
since it was made upon the land of the United States

where, it was insisted, state process cannot run; and (d) because the service of the alias summons was also void since the company transacted no business in the State and the person served was not its agent for any purpose in the State, but represented the company only in its work on the reservation. The objections of the company to the jurisdiction were overruled and the case was set down for trial. Thereupon the company, desiring a review of the jurisdictional questions and in order to avoid the consequences of the rule under the Kentucky practice that the appearance of a party on appeal operates as a waiver of a claim of want of jurisdiction over his person (*Western Indemnity Company* v. *Rupp*, 235 U. S. 261), applied to the court below for a writ of prohibition directed to the trial judge to restrain him from proceeding further in the cause. A temporary restraining order was granted, but on final hearing the petition was overruled and the writ of prohibition denied, and upon the theory, which was adequately presented below, that to subject the defendant corporation to the jurisdiction of the state court under the circumstances stated would be a violation of due process in conflict with the Fourteenth Amendment, this writ of error was prosecuted.

At the present term, on application of the plaintiff in error, an order was issued to restrain further proceedings in the cause in the courts below pending the decision of the case here.

We at once put out of view the contention that the trial court was without jurisdiction because the parties at the time of the accident were engaged in work under a contract with the United States Government since the want of merit in the proposition has been previously established. *Gromer* v. *Standard Dredging Company*, 224 U. S. 362, 371.

The remaining contentions are also we think without merit. Conceding for the sake of the argument only that

the canal reservation was within the exclusive legislative jurisdiction of Congress, it is clear from the facts we have stated that the business carried on by the corporation was not confined to the land owned by the United States, since it is admitted that in order to dispose of the material excavated in the construction of the canal a line of railway was built which extended beyond the reservation and connected with the tracks of the Kentucky and Indiana Terminal Railway, upon whose property all of the earth and rocks were dumped. This clearly constituted the doing of business within the State and subjected the corporation to the jurisdiction of the Kentucky courts. Assuming also for argument's sake only that the original summons was void because served on the agent designated by the company while he was on the reservation, the subsequent service of the alias summons on the agent at his home in Louisville was valid since, as we have seen, the company was doing business in the State. And finally, an action for personal injuries being in its nature transitory and susceptible of being brought in any jurisdiction in which the defendant may be impleaded, there is no foundation for the contention that the court had no jurisdiction over the subject-matter of the suit.

*Affirmed.*