## MATER v. HOLLEY et al.

### No. 14165.

United States Court of Appeals,
Fifth Circuit.

Nov. 29, 1952.

Glover McGhee and Warner S. Currie, Atlanta, Ga., for appellant.

Edward L. Savell, Atlanta, Ga., for appellees.

Before BORAH, STRUM and RIVES, Circuit Judges.

STRUM, Circuit Judge.

Alleging that she suffered personal injuries as a result of the negligence of appellees within the boundaries of Fort McPherson, Georgia, appellant brought suit in a federal district court to recover damages. The district judge dismissed the action for lack of federal jurisdiction. The correctness of that action is the sole question on appeal. There is no diversity of citizenship between the parties. If federal jurisdiction exists, it must rest upon some other ground.

It is conceded that Fort McPherson is within the provisions of Art. I, sec. 8, clause 17, of the United States Constitution which grants to the United States "exclusive legislation" over forts, magazines, arsenals, dockyards and other needful buildings, when lands therefor are acquired with the consent of the legislature of the state of their situs. Exclusive "legislation" has been construed to mean exclusive "jurisdiction" in the sense of exclusive sovereignty. Surplus Trading Co. v. Cook, 281 U.S. 647, 652, 50 S.Ct. 455, 74 L.Ed. 1091, 1095.

The lands comprising Fort McPherson have been duly ceded to the United States by the State of Georgia, the State now retaining only concurrent jurisdiction for the service of state process and the regulation of public utilities thereon. Ga.Acts 1884–1885, No. 176, page 120; Ga.Laws 1952, Act No. 851, page 264, amending sec. 15–302, Ga.Code 1933.

The Supreme Court has held that an action for personal injuries suffered on a reservation under the exclusive jurisdiction of the United States, being transitory, may be maintained in a state court which has personal jurisdiction of the defendant. Ohio River Contract Co. v. Gordon, 244 U.S. 68, 37 S.Ct. 599, 61 L.Ed. 997. And

in Chicago Rock Island & Pacific Ry. Co. v. McGlinn, 114 U.S. 542, 5 S.Ct. 1005, 29 L.Ed. 270, recovery in a state court for the wrongful killing of a cow on a federal military reservation was sustained. See also James Stewart & Co. v. Sadrakula, 309 U.S. 94, 60 S.Ct. 431, 84 L.Ed. 596.

It remains to be determined, however, whether there is also federal jurisdiction of such an action as one which arises under the constitution or laws of the United States within 28 U.S.C.A. § 1331, on which appellant here relies. There is a striking diversity of opinion on the subject, to such an extent, in fact, that three eminent district judges within the same district were unable to agree. Two took the view that federal jurisdiction did not exist, while the other took the contrary view both before and after examining the opinions of his colleagues. Compare Coffman v. Cleveland Wrecking Co., D.C., 24 F.Supp. 581, and Jewell v. Cleveland Wrecking Co., D.C., 28 F.Supp. 366,[1] decided by Judge Otis, with Jewell v. Cleveland Wrecking Co., D.C., 28 F.Supp. 364, decided by Judge Reeves, and Misner v. Cleveland Wrecking Co., D.C., 25 F.Supp. 763, decided by Judge Collet, all within the Western District of Missouri. The able district judge who disposed of this case below followed the reasoning of the Misner case, disclaiming federal jurisdiction.

In Chicago, Rock Island & Pacific Ry. Co. v. McGlinn, 114 U.S. 542, 5 S.Ct. 1005, 29 L.Ed. 270, the Supreme Court declared the rule to be that when legislative power over territory is transferred from one sovereign to another, the then existing laws of the surrendering sovereign for the protection of private rights, so far as consistent with the laws of the new sovereign, continue in force until abrogated or altered by the new sovereign. This principle was there held applicable to the cession by a state to the United States of land for a military reservation such as is here involved. This assures that no area, however small, will be left without laws regulating private rights. And in James Stewart & Co. v. Sadrakula, 309 U.S. 94, 60 S.Ct. 431, 84 L.Ed. 596, it was held that a section of the New York Labor Law McK.Consol.

Laws, c. 31, remained in effect "as federal law" on lands ceded to the United States for a postoffice site. See also 16 U.S.C.A. § 457, expressly adopting as federal law the local law of liability for negligence and wrongful death for places over which the United States has exclusive jurisdiction.

When these lands were ceded by the State of Georgia to the United States, Georgia sovereignty thereover terminated and federal sovereignty became complete and exclusive with the reservations already stated. Surplus Trading Co. v. Cook, 281 U.S. 647, 652, 50 S.Ct. 455, 457, 74 L.Ed. 1091, 1095. It was there said: "It long has been settled that, where lands for such a purpose are purchased by the United States with the consent of the state Legislature, the jurisdiction theretofore residing in the state passes, in virtue of the constitutional provision, to the United States, thereby making the jurisdiction of the latter the sole jurisdiction."

 It seems indubitable that any law existing in territory over which the United States has "exclusive" sovereignty must derive its authority and force from the United States and is for that reason federal law, even though having its origin in the law of the state within the exterior boundaries of which the federal area is situate. When, therefore, this area was ceded by Georgia to the United States, Georgia law as such, and by virtue of Georgia sovereignty ceased to exist, but remained operative as federal law by virtue of the sovereignty of the United States.

In American Ins. Co. v. Canter, 1 Pet. 511, 542, U.S. 511, 7 L.Ed. 242, 255, the United States Supreme Court held that when Florida was ceded to the United States by Spain, the Spanish law remained in force until abrogated or repealed. But, as pointed out by Judge Otis in 28 F.Supp. 366, 368, it would not be seriously contended that after cession the Spanish law which still remained in force in Florida derived its authority from the Spanish sovereign. It would be incongruous to hold that although the United States has exclusive sovereignty in the area here involved, its courts are without power to adjudicate controversies arising there, but

---

1. Reversed for procedural reasons in 8 Cir., 111 F.2d 305.

must relegate the parties to the courts of another sovereign for relief.

Upon the principles above cited, we hold that this action arises under the laws of the United States, within the meaning of 28 U.S.C.A. § 1331, and therefore should not have been dismissed. Existing federal jurisdiction is not affected by concurrent jurisdiction in state courts. Olsen v. McPartlin, D.C., 105 F.Supp. 561; Steele v. Halligan, D.C., 229 F. 1011, headnote 2. See also Capetola v. Barclay White Co., 3 Cir., 139 F.2d 556, 153 A.L.R. 1046; Murray v. Joe Gerrick & Co., 291 U.S. 315, 54 S.Ct. 432, 78 L.Ed. 821.

Reversed and remanded.