**RED TOP CAB CO. et al. v. CAPPS.**

No. 10241.

Court of Civil Appeals of Texas.

Austin.

June 30, 1954.

Rehearing Denied July 21, 1954.

Taylor & Taylor, Temple, for appellants Red Top Cab Co. and others.

Hubbard & Hubbard, Belton, for appellant Danny Babin.

J. W. Thomas, Belton, W. Lance Corsbie, Waco, for appellee.

HUGHES, Justice.

This is a suit for damages for personal injuries sustained by appellee, Vera R. Capps, while riding as a paying guest in a taxicab owned and operated by appellants Ted Connell and Jack Levy under the trade name of Red Top Cab Company.

Appellee was injured when the cab in which she was riding collided with a Buick sedan driven by appellant Danny Babin.

The collision occurred on January 17, 1953, about 7:45 a. m. within the confines of the Fort Hood Military Reservation in Bell County, Texas.

The case was tried to a jury upon whose verdict a substantial judgment was rendered for appellee. The judgment for appellee was joint and several against all appellants but Connell and Levy were granted full indemnity against Danny Babin.

Babin has filed a separate brief; his co-appellants have filed a joint brief.

■ All appellants question the jurisdiction of the trial court because the collision occurred within Fort Hood, an area over which the United States Government has exclusive jurisdiction except for service of civil and criminal process reserved to the State of Texas. Arts. 5242–47, V.A.C.S.

The cause of action asserted here is of a transitory as distinguished from a local nature and, as a general rule, such transitory actions may be entertained wherever jurisdiction of the parties can be maintained. 31 C.J.S., Estates, §§ 41–42, pages 48–50.[1]

That the transitory cause of action may have arisen from an event which happened on territory within the exclusive jurisdiction of the United States Government does not change the rule.

In Schaff v. Ellison, Tex.Civ.App., San Antonio, 255 S.W. 680, 683, writ. ref., certiorari dismissed per stipulation, Summer Sollitt Co. v. Ellison, 266 U.S. 638, 45 S. Ct. 10, 69 L.Ed. 482, it was held in a death-damage case that:

"The pleas to the jurisdiction of the court were properly overruled. The action was a transitory one, and, although the injury occurred on land belonging to the United States, it could be enforced in the courts of Texas, and this would be true, although the cause of action arose in a foreign country."

In Mater v. Holley, 1952, 200 F.2d 123, Circuit Court of Appeals, Fifth Circuit, the Court held that the Federal Court had jurisdiction of a suit for damages for personal injuries suffered on lands comprising Fort McPherson which had been ceded to the United States by Georgia, the State reserving only concurrent jurisdiction for service of State process and the regulation of public utilities thereon. In holding that the Federal Courts had concurrent jurisdiction with State Courts in such cases the opinion observed:

"The Supreme Court has held that an action for personal injuries suffered on a reservation under the exclusive jurisdiction of the United States, being transitory, may be maintained in a state court which has personal jurisdiction of the defendant. Ohio River Contract Co. v. Gordon, 244 U.S. 68, 37 S.Ct. 599, 61 L.Ed. 997. And in Chicago Rock Island & Pacific Ry. Co. v. McGlinn, 114 U.S. 542, 5 S.Ct. 1005, 29 L.Ed. 270, recovery in a state court for the wrongful killing of a cow on a federal military reservation was sustained. See also James Stewart & Co.

[1] Texas has a statute authorizing death and personal injury suits in our courts where the wrongful act occurred in a foreign State or country. Art. 4678, V.A. C.S.

v. Sadrakula, 309 U.S. 94, 60 S.Ct. 431, 84 L.Ed. 596."

The plea to the jurisdiction was properly overruled.

Appellants Connell and Levy present only one other point by which they complain of the following argument made by appellee's attorney to the jury in his closing address:

"Now, Gentlemen, what are you going to do about this? How much are you going to give this woman? I want you, when you go back to the jury room, to figure on what she is entitled to. Dr. Brindley says she is hurt. Dr. Viers says she has lost 82% of her hearing. What is your hearing worth? Now think about it that way. Apply the Golden Rule when you come to answer this question. What's your ear worth? What's 82% loss of hearing in one of your ears worth? What would you sell your ear for? Either one of them? Now think about it that way."

■ This highly improper and prejudicial argument was objected to by appellants and the trial court was requested to instruct the jury not to consider the same. This request was granted and the jury was so instructed. Under these circumstances the Supreme Court has held that the error of such argument is cured.[2] Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, Texas & N. O. R. Co. v. Sturgeon, 142 Tex. 222, 177 S.W.2d 264. See Wade v. Texas Employers' Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197.

The remaining points are presented only by appellant Danny Babin.

■ Babin contends that an instructed verdict or judgment notwithstanding the

verdict should have been granted in his behalf because there was no evidence that he was negligent.

The jury found that Babin was negligent in failing to bring his car to a complete stop before entering the intersection where the collision occurred and that this negligence was a proximate cause of the collision. It also found that Babin failed to keep a proper lookout, that he was driving at an excessive rate of speed, that he failed to have his car under proper control and that these negligent acts were also proximate causes of the collision.

The evidence shows that the cars collided at the intersection of Brigade Avenue and 172nd Street. Babin was driving east on Brigade and the cab was going north on 172nd. Both streets were covered with ice. Babin's view to the south on 172nd Street was obscured by a building. There was a stop sign on Brigade (about six feet from the corner) requiring Babin to stop before entering 172nd Street.

The speed of Babin's car was 15 or 20 miles an hour and he was about 15 or 20 feet from the stop sign when he applied the brakes. The brakes failed to hold and the car skidded to the center of the intersection. Babin saw the cab approaching and attempted to move out of the intersection. He had moved so that only about six feet of his car was protruding in 172nd Street when his right rear fender was hit by the cab. Babin testified that when he first saw the cab it was about 75 yards south on 172nd Street.

This evidence is, in our opinion, a sufficient basis for the findings of negligence made by the jury regarding Mr. Babin.

■ The jury was permitted to take to the jury room while it was deliberating its

2. This argument, in effect, affirms as a correct principle that a man may properly sit in judgment on his own case—an idea abhorrent to all who love justice. Nor is such argument given a cloak of respectability by associating it with the Golden Rule. Such Rule is perfect but it applies in favor of the defendant as well as the plaintiff. To hold that the type of argument made here is not, as a matter of law, reversible error in any case and regardless of how vicious it may be, unless the trial judge fails, upon request, to do his obvious duty and instruct the jury not to consider it is but to invite counsel to indulge in this kind of improper argument.

verdict, over the objection of Babin, a blackboard upon which attorneys for appellee and attorney for Babin had made freehand drawings of the scene of the collision, position of the cars, etc., the blackboard not having been formally put in evidence. Babin complains that this was error.

Rule 281, Texas Rules of Civil Procedure, provides that a jury may take with them in retirement "any written evidence" except depositions. There is authority that a sketch prepared under conditions similar to the marking of this blackboard is for "all practical purposes introducing it in evidence." Harris v. Levy, Tex.Civ. App., El Paso, 217 S.W.2d 154, 159. We prefer, however, to rest our decision on this point upon the case of Triangle Cab Co. v. Taylor, 144 Tex. 568, 192 S.W.2d 143, affirming Tex.Civ.App., 190 S.W.2d 755. In that case the jury took into retirement a blackboard used by various witnesses to illustrate their testimony and on which plaintiff's counsel had indicated in writing, during his argument, how he thought the issues should be answered. The trial court found, based on evidence heard on motion for a new trial, that "no member of the jury referred to the blackboard for any purpose" during their deliberation. Under this finding it was held that jury misconduct was not shown.

No evidence was heard in this case upon presentation of the motion for new trial hence there is no showing as to what use, if any, the jury made of the blackboard. Perhaps it was not, as in Triangle Cab Co., observed or referred to for any purpose. The burden was upon Babin to show both misconduct and probable injury therefrom. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462.

Considering the record as a whole and particularly the circumstances under which this blackboard was prepared we are unable to say as a matter of law that the mere act of permitting this blackboard to go to the jury in retirement probably resulted in injury to Babin.

Babin requested the court to ask the jury whether the accident in question was an unavoidable accident "as far as the Defendant Danny Babin was concerned."

This issue was improper and should not have been submitted. An accident is not an unavoidable accident unless it happened without the negligence of any party to the suit. Wheeler v. Glazer, 137 Tex. 341, 153 S.W.2d 449, 140 A.L.R. 1301, in which the court held it was not error to refuse a charge that an accident was unavoidable as to one party if it occurred without his negligence.

Babin has other points that the judgment is excessive and that the court erred in granting indemnity to his co-appellants and in not granting him indemnity against them but since these points are not briefed they are waived.

Finding no reversible error we are duty bound to affirm the trial court's judgment. It is so ordered.

Affirmed.