NORMAN R. GEARHEART, ETC., ET AL., Plaintiffs and Appellants, v. EUGENE HASKELL BURRESS ET AL., Defendants and Appellees.

No. 438. Decided January 2, 1963.

54

*José Veray, Jr.,* and *Harvey A. Miller* for appellants. *Enrique Báez García* for appellees.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Patricia Joyce, a native of Ohio, came to Puerto Rico on a pleasure trip on October 3, 1958, and remained here until January 15, 1959. She contracted marriage with Norman R. Gearheart in Cincinnati, Ohio, on August 13, 1955, and they established their domicile in Auburn, Indiana.

On December 7, 1958, while the said Patricia Joyce Gearheart was horseback riding along one of the streets of Ramey Base in Aguadilla she was run over by an automobile operated by its owner, Eugene Haskell Burress. Patricia as well as the horse belonging to Peter Wheeler suffered injuries.

On November 30, 1959, Norman R. Gearheart, in his capacity as administrator of the community partnership constituted with his wife Patricia Joyce Gearheart, and Peter Wheeler filed an action in the Aguadilla Part of the Superior Court of Puerto Rico against Eugene Haskell Burress and U.S. Fidelity & Guaranty Co., insurer of Haskell's automobile, claiming compensation for the damages sustained as a result of the said accident.

Defendant Haskell was summoned in Ramey Base and the insurance company in the city of Mayagüez.

Defendant appeared before that court and filed a "Motion for extension to answer." He alleged therein that for the purpose of obtaining information to answer the complaint defendant had submitted an interrogatory to plaintiff, and requested an extension of 10 days to answer the complaint, counted as of the filing date of plaintiff's answer to the interrogatory. The extension was granted.

Patricia Joyce answered the interrogatory. Defendant again appeared before the court and alleged that the interrogatory had been sent to Norman R. Gearheart personally and not to his wife, wherefore he moved the court to order Gearheart to answer the interrogatory and in the meantime to exempt defendant from answering the complaint. This motion having been granted, Gearheart answered the interrogatory.

Defendant then filed a motion to dismiss the complaint alleging as grounds "(1) That the complaint in this case does not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendants, and (2) That this court has no jurisdiction over the place where the accident occurred."

The trial court granted the motion on the two grounds alleged therein and later, in passing upon a motion for reconsideration, rendered final judgment dismissing the action.

## Lack of Jurisdiction

The trial court refused jurisdiction on the following reasoning: "Regarding the jurisdictional question involved, since the insular court is without jurisdiction to take cognizance of the action because the accident occurred on lands which are part of a military reservation of the United States, the submission of the parties will never grant it such jurisdiction."

The term "jurisdiction" means the power or authority of a court to hear and determine the cause or controversy. *Rodríguez* v. *Registrar*, 75 P.R.R. 669; *In re National Labor Relations Board*, 304 U.S. 486, 82 L.Ed. 1482; *Geneva Furniture Mfg. Co.* v. *Karpen*, 238 U.S. 254, 59 L.Ed. 1205; *Riggs* v. *Johnson County*, 18 L.Ed. 768; *Thompson* v. *Terminal Shares*, 89 F.2d 652; *Dyer* v. *Stauffer*, 19 F.2d 922; *Stokes* v. *Adair*, 265 F.2d 662.

The Aguadilla Part of the Superior Court is a court of general jurisdiction—§ 10 of the Judiciary Act of 1952—and had jurisdiction to take cognizance of the action brought in this case by plaintiff. Sections 10 and 13 of the Judiciary Act. Having jurisdiction over the subject matter and the parties, it had power and authority to take cognizance and decide a personal action for damages. However, the trial court held that although it had jurisdiction over the subject matter and there was submission by the parties, it lacked

venue by reason of the place where the cause of action arose. This pronouncement is erroneous.

The parties do not question the fact that the United States of America has exclusive jurisdiction over the lands of Ramey Base of Aguadilla.[1] The status of that base as to the exclusive lawmaking power of the Congress of the United States was undoubtedly what prompted the trial court to refuse jurisdiction.

An action for personal damages is of a transitory nature and, as a general rule, may be brought in any court having jurisdiction over the matter and the parties after the right to claim damages has been created and the legal liability to compensate them has been imposed. *Balbás* v. *Luce & Co.*, 47 P.R.R. 890; *Ormsby* v. *Chase*, 290 U.S. 387, 78 L.Ed. 378; *Ohio River Contract Co.* v. *Gordon*, 61 L.Ed. 997; *Atchison, T. & S. F. R. Co.* v. *Sowers*, 53 L.Ed. 695; *Solomon* v. *Atlantic Coast Line R. Co.*, 46 S.E.2d 369; *Dennick* v. *Central R.R. Co.*, 26 L.Ed. 439; 92 C.J.S. 677; *Rose* v. *Phillips Packing Co.*, 21 F. Supp. 485.

We must therefore determine whether a cause of action has been created by law in favor of a person who suffers personal injuries by another's negligence on lands of Ramey Base.

By Act of February 1, 1928, 45 Stat. 54, 16 U.S.C. § 457, the Congress of the United States provided:

"In the case of the death of any person by the neglect or wrongful act of another within a national park or other place subject to the exclusive jurisdiction of the United States, within the exterior boundaries of any State, such right of action shall exist as though the place were under the jurisdiction of the State within whose exterior boundaries such place may be; and

---

[1] The United States of America acquired the lands of Ramey Base for one of the purposes provided in Art. I, § 8, clause 17, of the Constitution of the United States, and pursuant to the consent therefor given by The People of Puerto Rico by the Act of February 16, 1903. See *Moore* v. *District Court*, 59 P.R.R. 618, as to the exclusiveness of the jurisdiction of the United States over the lands used for naval or military bases.

in any action brought to recover on account of injuries sustained in any such place the rights of the parties shall be governed by the laws of the State within the exterior boundaries of which it may be." [2]

■■ Although the statute cited only makes reference to the exterior boundaries of any state, this does not imply that it excludes the places subject to the exclusive jurisdiction of the United States within the territorial limits of the Island of Puerto Rico, and, therefore, that that statute is not applicable to the Commonwealth of Puerto Rico. Considering the context of that particular Act of the Congress, we believe that the word State has a wider connotation than that of a State of the Federal Union and that it is also applicable to the Commonwealth of Puerto Rico. See *Mora* v. *Mejías*, 206 F.2d 377; *Andres* v. *United States*, 333 U.S. 740. We therefore hold that according to the federal statute *supra*, the substantive right which creates the cause of action in favor of persons who suffer injuries at Ramey Base by the neglect or wrongful act of another is the provisions of our Civil Code dealing with the obligations arising from fault or negligence, namely, § 1802 *et seq*. of that Code. (31 L.P.R.A. § 5141 *et seq*.)

In *Ohio River Contract Co*. v. *Gordon, supra*, the Supreme Court of the United States held that an action for personal injuries suffered in a reservation under the exclusive jurisdiction of the United States being in its nature transitory, could be brought in a state court with jurisdiction over the defendant.

---

[2] Independently of the provisions of this statute of the Congress, the Supreme Court of the United States had declared the rule to be that when legislative power over territory is transferred from one sovereign to another, the then existing laws of the surrendering sovereign for the protection of private rights, so far as consistent with the laws of the new sovereign, continued in force until abrogated or altered by the new sovereign. *Chicago, Rock Island & Pacific Ry. Co*. v. *McGlinn*, 114 U.S. 542. This assured that no area, however small, would be left without laws regulating private rights. See to the same effect *Mater* v. *Holley*, 200 F.2d 123; *McCarthy* v. *R. G. Packard Co*., 94 N.Y.Supp. 203; *Stewart & Co*. v. *Sadrakula*, 309 U.S. 94.

*Chicago, Rock Island & Pacific Ry Co.* v. *McGlinn,* 114 U.S. 542, upheld the propriety of an action in a state court for the lawful killing of a cow within a military reservation.

In *Madden* v. *Arnold,* 47 N.Y.Supp. 757, it was held that an action for damages could be maintained in the state courts even though the injury had been suffered in a territory under the exclusive jurisdiction of the United States, and that for the purposes of the jurisdiction of those courts the situation was the same as if the injury had happened within the territory of any other state.

In *Kitchens* v. *Duffield,* 76 N.E.2d 101, it was held that under the federal statute an action brought to recover for injuries sustained in an automobile collision occurring within the confines of an air base located in Ohio was governed by the law of Ohio.

Having thus disposed of the jurisdictional question, we turn to consider that of

### *Lack of Cause of Action*

 It is a well-established rule that the law of the court (*lex fori*) controls, as a general rule, as to matters of procedure.[3] Hence, independently of the federal statute which declares that the local rule controls the private rights of persons residents in territory under the exclusive jurisdiction of the United States, the exercise of the action brought by plaintiff in our courts is governed in its aspect by our procedural laws.

The complaint, as we have seen, was brought by Gearheart in his capacity of administrator of the community partnership with his wife Patricia. The sixth allegation reads: "That as a result of the accident, plaintiff believes that the

---

[3] 1 BEALE, Conflict of Laws, § 8A.28 (N.Y. 1935); 11 Am. Jur. 498, § 186, 15 C.J.S. 877; *Worthington* v. *Worthington,* 352 S.W.2d 80 (Ark. 1962); *Scott* v. *Jones,* 334 S.W.2d 742 (Mo. 1960); *Lutz* v. *Boas,* 176 A.2d 853 (Del. 1961); *Barrett* v. *Boston & Maine Railroad,* 178 A.2d 291 (N.H. 1962).

damages caused to the community partnership by the injuries suffered by his wife, Patricia Joyce, are worth $10,000."

In the prayer the court is requested to order defendants to pay jointly and solidarily to plaintiff Norman R. Gearheart the sum of $10,000 by way of damages.

There is no question that the so-called community partnership composed of Gearheart and his wife Patricia is the plaintiff in this case. In Puerto Rico the legal community partnership is an entity entirely distinct from the spouses who compose it.[4] And we have already held that a right of action for recovery of injuries to the wife is community property.[5] Since the husband is the administrator of the property belonging to the community partnership, it is incumbent on him to appear in actions pertaining to the partnership. *Valiente & Cía.* v. *District Court*, 68 P.R.R. 491. Since a married woman needs the assistance of her husband in order to litigate a cause of action belonging to the conjugal partnership,[6] if she appears by herself, absent the exceptions established by law, the complaint does not state facts sufficient to constitute a cause of action. *Serrano* v. *González*, 68 P.R.R. 579.

However, the difficulty confronting plaintiff in this case lies in that neither the state where Gearheart contracted marriage nor the state where they established their domicile has community property law.[7] Nor could it be correctly asserted that the presence of either spouse in Puerto Rico is

---

[4] *Echevarría* v. *Despiau*, 72 P.R.R. 442; *Rivera* v. *Casiano*, 68 P.R.R. 177; *Robles* v. *Guzmán*, 67 P.R.R. 671; *Pérez* v. *Registrar*, 62 P.R.R. 760.

[5] *Flit* v. *White Star Bus Line, Inc.*, 49 P.R.R. 139; *Vázquez* v. *Porto Rico Ry., Lt. & P. Co.*, 35 P.R.R. 59.

[6] *Fernández* v. *Condado Beach Hotel*, 72 P.R.R. 880.

[7] The states having community property law are Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Oklahoma, Oregon, Texas, and Washington. KEEZER, Marriage and Divorce 31–32, ch. 16.

sufficient for the spouses to be governed by the substantive provisions of our community property system.[8]

It is therefore an irrefutable fact that a community partnership does not exist between Gearheart and his wife.

 Rule 15.1 of the Rules of Civil Procedure provides that every action shall be prosecuted in the name of the person having by law the right sought to be asserted. Who has the right asserted in this case? If the marriage had been contracted subject to the community property system, such right would correspond to the partnership and the action would have to be prosecuted in its name. If the partnership does not exist at law, a mere allegation in the complaint that it exists does not give it life nor create an entity with juridical capacity to sue and be sued. We already stated that in Puerto Rico an action for personal injuries suffered by one of the spouses belongs to the community partnership; however, this is so when the partnership has juridical existence. On the contrary, since the action is a movable by disposition of law,[9] it corresponds to the spouse sustaining the personal damage because it is his separate property when the marriage is not subject to the community property system. For these cases our procedural law provides that a married woman does not need the consent of her husband in order to sue. Rule 15.3 of the Rules of Civil Procedure. Therefore, our laws of civil procedure prescribe the manner for prosecuting an action when the right belongs to the legal community partnership as well as when it belongs to one of the spouses. In the first instance, the wife can not sue without the husband's consent,[10] but in the latter instance

---

[8] The community partnership shall begin precisely the day the marriage is celebrated. Any stipulation to the contrary shall be void. Section 1296 of the Civil Code (1930 ed.), 31 L.P.R.A. § 3622. It can not even be stipulated that it begins before or ends after. 9 MANRESA, *Código Civil Español* 478.

[9] Section 268 of the Civil Code, 31 L.P.R.A. § 1064; *Bravo* v. *District Court*, 34 P.R.R. 757.

[10] *Fernández* v. *Condado Beach Hotel*, 72 P.R.R. 880.

she is authorized to sue by the Rules of Civil Procedure because she is by law the person having the right sought to be asserted; in other words, that in a claim for personal damages sustained by a married woman under a noncommunity partnership system, the woman is the interested party and the action must be prosecuted in her name.

In view of the foregoing, we conclude that the trial court did not err in dismissing the complaint filed by Gearheart as administrator of the community partnership. However, the error was committed with respect to the cause of action of Peter Wheeler.

Consequently, we will reverse the judgment as to Wheeler and affirm it as to the other coplaintiff.