**Beatrice M. MACOMBER, Plaintiff,**

v.

**James BOSE and Ethyl Joyce Bose, Defendants.**

**Civ. No. 1426.**

United States District Court
D. Montana,
Missoula Division.

April 27, 1967.

James A. Cumming, Columbia Falls, for plaintiff.

Harold F. Smith, Kalispell, for defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

Glacier National Park in Montana was created by an Act of Congress of May 11, 1910, Title 16 U.S.C. § 161. At the time of the creation of the park there were privately owned lands lying within the exterior boundaries. The plaintiff's predecessor owned Government Lots 2 and 3, in Section 14, Township 33 North, Range 18 West, Montana Principal Meridian. On Lot 3 there was a spring. In 1936 plaintiff's predecessor transferred to the United States all of Lot 3 and a portion of Lot 2, but reserved water rights out of the spring and an easement to get the waters to the remaining lands owned by plaintiff's predecessor. This action is brought for the purpose of protecting the water rights so reserved.

The rights are alleged to have a value in excess of $10,000.00. There is no diversity of citizenship here and jurisdiction, if it exists, must exist because there is a federal question (28 U.S.C. § 1331). A federal question does exist if, at the time of the creation of the park, the law of the state which had formerly governed the lands comprising the park ceased to exist as state law, but became operational as federal law by virtue of the transfer of the park lands to the sovereignty of the United States.[1]

The problem here is somewhat simplified by the fact that the water to which rights are claimed did, as previously indicated, originate in a spring which was upon lands owned by the plaintiff's predecessor. This action does not therefore involve the problem of an appropriation of water rights for private lands without the exterior boundaries of the park, nor of waters originating in or flowing through park lands.

The act creating Glacier National Park describes the area of it by metes and bounds. It contains, however, this language at 16 U.S.C. § 161: "Nothing herein contained shall affect any valid claim, location or entry existing under the land laws of the United States before May 11, 1910, or the rights of any such claimant, locater, or entryman to the full use and enjoyment of his land." Any implication that the United States intended (assuming it had the power) to assume jurisdiction over the private lands within the exterior boundaries of the park which might be drawn from the use of the word "embraced",[2] is overcome by the statement in Section 161 that private rights are not affected. While there are many cases involving the problem of jurisdiction over acquired lands, no case has been

1. See Mater v. Holley, 5 Cir. 1952, 200 F. 2d 123.

2. "Sole and exclusive jurisdiction is assumed by the United States over the territory embraced within the Glacier National Park * * *." 16 U.S.C. § 163.

found which even considers, let alone holds, that the United States has divested a state of jurisdiction where the United States has not first acquired some kind of an ownership. For these reasons the court is of the opinion that the rights in privately owned property within the exterior boundaries of Glacier Park are governed by state and not federal law and that this court has no jurisdiction.

It is therefore ordered that this cause be dismissed for lack of jurisdiction.