185 P.3d 1204 (2008)
Benito J. MENDOZA, an individual, Appellant,
v.
NEUDORFER ENGINEERS, INC., a Washington corporation, and Matt Charters, an individual, Respondents.
No. 36592-8-II.
Court of Appeals of Washington, Division 2.
June 17, 2008.
*1206 Teri L. Rideout, John E. Wallace, Rumbaugh Rideout Barnett & Adkins, Tacoma, WA, for Appellant.
Kenneth Edward Hepworth, Lee Smart PS Inc., Seattle, WA, for Respondents.
BRIDGEWATER, J.
¶ 1 Benito J. Mendoza appeals the trial court's dismissal of a personal injury claim arising from injuries he allegedly sustained while working within the territory of Fort Lewis. The trial court dismissed the claim for lack of subject-matter jurisdiction because the injury occurred on a federal enclave. We hold that Washington courts have subject-matter jurisdiction over transitory claims when proper personal jurisdiction over the parties is established. We reverse and remand for trial.

FACTS
¶ 2 Mendoza filed a complaint, alleging negligence against Neudorfer Engineers, Inc., and Matt Charters, personally, in Pierce County Superior Court on February 1, 2007. Mendoza claimed that he was employed as a general laborer for Osborne Construction Company While working for Osborne on a project within the territory of Fort Lewis, Washington, Mendoza claimed that he suffered injuries when Charters, an employee of Neudorfer Engineers, Inc., allegedly dropped a tool on his back. Neudorfer and Osborne are both Washington corporations, and Charters and Mendoza are both Washington residents. Mendoza asserted no other causes of action against any other parties in his claim for damages.
¶ 3 Neudorfer and Charters (collectively referred to as Neudorfer) moved to dismiss Mendoza's complaint under Civil Rule 12(b)(1), claiming that Washington lacked subject-matter jurisdiction over torts committed on federal land. The trial court dismissed the case with prejudice.

ANALYSIS

I. Standard of Review
¶ 4 A court's subject-matter jurisdiction over a cause or proceeding is a question of law, we review de novo. Young v. Clark, 149 Wash.2d 130, 132, 65 P.3d 1192 (2003). And a court only has authorization to hear and determine a cause or proceeding if it has jurisdiction over the parties and the subject matter. Absent proper jurisdiction, a court may do nothing more than enter an order of dismissal. Deschenes v. King County, 83 Wash.2d 714, 716, 521 P.2d 1181 (1974).
¶ 5 Mendoza contends on appeal that the trial court erred when it dismissed his cause of action for lack of subject-matter jurisdiction. He argues that contrary to the trial court's decision, state courts have jurisdiction to adjudicate civil causes of action for personal injuries sustained in federal enclaves,[1] so long as proper jurisdiction can be established over the parties. Mendoza is correct.

II. Cession of Fort Lewis
¶ 6 The trial court dismissed Mendoza's claim, presumably based on Neudorfer's assertion that under the terms of its cession, Fort Lewis is subject to exclusive federal jurisdiction. But Neudorfer and the trial court misinterpret the Fort Lewis cession language.
¶ 7 Cession is a method whereby a state can relinquish exclusive jurisdiction to the federal government. Ryan v. State, 188 Wash. 115, 126, 61 P.2d 1276 (1936), aff'd sub nom. Silas Mason Co. v. Tax Comm'n, 302 U.S. 186, 58 S.Ct. 233, 82 L.Ed. 187 (1937). Where territory is ceded, the U.S. Constitution gives Congress the power:
[t]o exercise exclusive legislation in all cases whatsoever, . . . over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dock-yards and other needful buildings. . . .
U.S. Const. art. 1, § 8.
¶ 8 Furthermore, the terms of the cession determine the extent of federal jurisdiction. State v. Lane, 112 Wash.2d 464, 469, 771 P.2d 1150 (1989) (citing Bowen v. Johnston, 306 U.S. 19, 23, 59 S.Ct. 442, 83 L.Ed. 455 (1939)); see also Surplus Trading Co. v. Cook, 281 U.S. 647, 652, 50 S.Ct. 455, 74 *1207 L.Ed. 1091 (1930) (stating that when a cession is accepted, the terms of the cession are determinative of the jurisdiction of both the federal government and the state within the enclave). Here, Washington ceded the land on which Fort Lewis is situated in 1919. Lane, 112 Wash.2d at 469, 771 P.2d 1150. The terms of the cession stated:
[T]he consent of the State of Washington is hereby given to the exercise by the congress of the United States of exclusive legislation in all cases whatsoever over such tracts or parcels of land so conveyed . . . provided, That all civil process issued from the courts of this state and such criminal process as may issue under the authority of this state, against any person charged with crime in cases arising outside of said reservation, may be served and executed thereon in the same mode and manner and by the same officers as if the consent herein given had not been made.
Laws of 1917, ch. 3, § 20, p. 14 (emphasis added).
¶ 9 "Exclusive `legislation' has been construed to mean exclusive `jurisdiction' in the sense of exclusive sovereignty." Mater v. Holley, 200 F.2d 123, 123 (5th Cir.1952) (citing Surplus Trading Co., 281 U.S. at 652, 50 S.Ct. 455). "[W]here a cession of jurisdiction is made by a state to the federal government, it is necessarily one of political power and leaves no authority in the state government thereafter to legislate over the ceded territory." State v. Rainier Nat'l Park Co., 192 Wash. 592, 594, 74 P.2d 464 (1937) (emphasis added). Contrary to Neudorfer's contention, exclusive jurisdiction in the sense of exclusive sovereignty does not divest state courts of jurisdiction over personal injury causes of action. See Tafflin v. Levitt, 493 U.S. 455, 458, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990) (holding that "state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."); Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 477-78, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981).
¶ 10 Indeed, in Gulf Offshore, the United States Supreme Court emphasized state courts' inherent concurrent jurisdiction over causes of action arising in federal territories. In Gulf Shore, the issue was whether Texas courts had jurisdiction over a civil personal injury case stemming from the plaintiff's alleged injuries arising under the Outer Continental Shelf Lands Act, 67 Stat. 462, as amended, 43 U.S.C. § 1331 et. seq. (1976 & Supp. III). Gulf Offshore, 453 U.S. at 475, 101 S.Ct. 2870. The Shelf is federal territory, subject to the "exclusive jurisdiction" of the United States. Gulf Offshore, 453 U.S. at 478, 483, 101 S.Ct. 2870. Gulf Offshore argued that because the United States had "exclusive jurisdiction" over the Shelf, state courts had no authority to exercise judicial jurisdiction over the plaintiff's claim. Gulf Offshore, 453 U.S. at 480, 101 S.Ct. 2870.
¶ 11 The Supreme Court rejected this argument, noting that Gulf Offshore "confus[ed] the political jurisdiction of a State with its judicial jurisdiction." Gulf Offshore, 453 U.S. at 481, 101 S.Ct. 2870. It further stated that "[n]othing inherent in exclusive federal sovereignty over a territory precludes a state court from entertaining a personal injury suit concerning events occurring in the territory and governed by federal law." Gulf Offshore, 453 U.S. at 481, 101 S.Ct. 2870 (citing Ohio River Contract Co. v. Gordon, 244 U.S. 68, 37 S.Ct. 599, 61 L.Ed. 997 (1917)). "That the location of the event giving rise to the suit is an area of exclusive federal jurisdiction rather than another State, does not introduce any new limitation on the forum State's subject-matter jurisdiction." Gulf Offshore, 453 U.S. at 481-82, 101 S.Ct. 2870 (citing Ohio River Contract, 244 U.S. at 72, 37 S.Ct. 599). It further reasoned that "[s]tate courts routinely exercise subject-matter jurisdiction over civil cases arising from events in other States and governed by the other States' laws." Gulf Offshore, 453 U.S. at 481, 101 S.Ct. 2870; see, e.g., Rice v. Dow Chem. Co., 124 Wash.2d 205, 875 P.2d 1213 (1994) (product liability cause of action arising in Oregon was properly adjudicated by a Washington court). Thus, exclusive political jurisdiction does not automatically divest state courts of their inherent jurisdiction. Gulf Offshore, 453 U.S. at 481-82, 101 S.Ct. 2870.
¶ 12 Similarly, in this case, Neudorfer confuses political jurisdiction with the state's judicial jurisdiction. If Mendoza's injuries *1208 occurred in a neighboring state, there would be no question that Washington courts could exercise proper subject-matter jurisdiction over the claim. That the injuries were allegedly inflicted within a federal enclave, Fort Lewis, does not limit Washington's subject-matter jurisdiction. Gulf Offshore, 453 U.S. at 481, 101 S.Ct. 2870. Additionally, the ceding language, "exclusive legislation in all cases," does not limit Washington's subject-matter jurisdiction over civil claims arising on Fort Lewis.[2] Laws of 1917, ch. 3, § 20, p. 14; see Gulf Offshore, 453 U.S. at 482, 101 S.Ct. 2870; Mater, 200 F.2d at 123. Therefore, the trial court's dismissal of Mendoza's cause of action for lack of subject-matter jurisdiction was in error.

III. Criminal Actions Versus Personal Injury Actions Arising on Fort Lewis
¶ 13 Neudorfer's misunderstanding of subject-matter jurisdiction is illustrated by its reliance on Lane to support its contention that the federal government has exclusive jurisdiction over tortious acts committed on Fort Lewis. Lane was a criminal case, wherein the Washington Supreme Court decided whether Washington courts had jurisdiction under the state criminal jurisdiction statute, RCW 9A.04.030(1),[3] to prosecute defendants for a murder that occurred on Fort Lewis. Lane, 112 Wash.2d at 471, 771 P.2d 1150. The Supreme Court held that the State had jurisdiction because the State presented sufficient facts to lead a reasonable person to believe that an essential element of aggravated murder, premeditated intent, occurred outside the federal enclave. Lane, 112 Wash.2d at 475, 771 P.2d 1150.
¶ 14 But there is a fundamental difference between criminal causes of action and personal injury causes of action; namely, personal injury claims are transitory in nature while crimes are inherently local. Huntington v. Attrill, 146 U.S. 657, 669-70, 13 S.Ct. 224, 36 L.Ed. 1123 (1892). Lane indirectly supports this proposition. The Lane court stated, "It is fundamental that jurisdiction over a crime rests exclusively in the courts of the state in which the crime is committed." Lane, 112 Wash.2d at 470, 771 P.2d 1150. To support this proposition, the Lane court relied on Huntington. In turn, Huntington relied on a statement by Sir William Blackstone:
Crimes are in their nature local, and the jurisdiction of crimes is local. And so as to the rights of real property, the subject being fixed and immovable. But personal injuries are of a transitory nature, and sequunter forum rei.
Huntington, 146 U.S. at 669, 13 S.Ct. 224 (quoting Rafael v. Verelst, 2 W. Bl. 1055, 1058, (1776) 96 Eng. Rep. 621, 622-23 (K.B.)). In other words, crimes are inherently local and punishable only by the State that defines them through law, whereas personal injuries are transitory and may be brought and properly maintained where a court has jurisdiction over the parties. See Huntington, 146 U.S. at 669-70, 13 S.Ct. 224; Richardson v. Pac. Power & Light Co., 11 Wash.2d 288, 299-300, 118 P.2d 985 (1941). Therefore, Lane is inapposite because it involves a criminal action as opposed to a personal injury action. Lane provides no authority for us to conclude that Washington courts lack subject-matter jurisdiction over Mendoza's personal injury claim arising on Fort Lewis.

IV. Subject-Matter Jurisdiction Over Personal Injury Causes of Action
¶ 15 Although Washington courts have not yet addressed whether state courts have jurisdiction to adjudicate personal injury claims stemming from conduct occurring within federal *1209 enclaves, other jurisdictions have concluded that they do.
¶ 16 In Mater, for example, the plaintiff alleged that she suffered personal injuries from negligence of the defendants that occurred within the boundaries of Fort McPherson, Georgia. Mater, 200 F.2d at 123. The plaintiff filed her claim in federal district court to recover damages. Mater, 200 F.2d at 123. The district court dismissed the case for lack of federal jurisdiction. Mater, 200 F.2d at 123. But the Fifth Circuit reversed, finding federal jurisdiction under 28 U.S.C. § 1331. Mater, 200 F.2d at 125.
¶ 17 In rendering its decision, the Fifth Circuit expressly stated that "[e]xisting federal jurisdiction is not affected by concurrent jurisdiction in state courts." Mater, 200 F.2d at 125. Moreover, it acknowledged that "an action for personal injuries suffered on a reservation under the exclusive jurisdiction of the United States, being transitory, may be maintained in a state court which has personal jurisdiction of the defendant." Mater, 200 F.2d at 123-24 (citing Ohio River Contract, 244 U.S. at 72, 37 S.Ct. 599 (stating, "an action for personal injuries being in its nature transitory and susceptible of being brought in any jurisdiction in which the defendant may be impleaded, there is no foundation for the contention that the [state] court had no jurisdiction over the subject-matter of the suit.")).
¶ 18 Likewise, in Red Top Cab Co. v. Capps, 270 S.W.2d 273 (Tex.Civ.App.1954), the plaintiff sued for personal injuries stemming from a car accident on a military base. Red Top Cab, 270 S.W.2d at 274. The defendants argued that state court lacked proper jurisdiction because the plaintiff's injuries occurred on "an area over which the United States Government has exclusive jurisdiction." Red Top Cab, 270 S.W.2d at 274. The Red Top Cab court reasoned:
The cause of action asserted here is of a transitory as distinguished from a local nature and, as a general rule, such transitory actions may be entertained wherever jurisdiction of the parties can be maintained.
That the transitory cause of action may have arisen from an event which happened on territory within the exclusive jurisdiction of the United States Government does not change that rule.
Red Top Cab, 270 S.W.2d at 274 (footnote and citations omitted).
¶ 19 Here, similar to Red Top Cab, Mendoza claims he suffered personal injuries stemming from negligence that occurred on a military base. It is a well-established common law proposition that an action in tort for personal injuries is transitory. Ormsby v. Chase, 290 U.S. 387, 389, 54 S.Ct. 211, 78 L.Ed. 378 (1933); Richardson, 11 Wash.2d at 299-300, 118 P.2d 985; Townsend v. Rosenbaum, 187 Wash. 372, 393, 60 P.2d 251 (1936); Reynolds v. Day, 79 Wash. 499, 501, 140 P. 681 (1914). And again, a claim that is transitory in nature may be tried wherever jurisdiction may be properly established over the parties. Richardson, 11 Wash.2d at 299-300, 118 P.2d 985; see also Wash. State Bank v. Medalia Healthcare LLC, 96 Wash.App. 547, 555-56, 984 P.2d 1041 (1999), review denied, 140 Wash.2d 1007, 999 P.2d 1261 (2000); Red Top Cab, 270 S.W.2d at 274. Therefore, so long as Washington courts have proper personal jurisdiction over the parties, it has jurisdiction to adjudicate the claim.
¶ 20 Here, it is undisputed that Neudorfer and Charters are King County residents. It is also undisputed that the alleged incident occurred on Fort Lewis, which is a federal enclave located in Pierce County. Thus, the Pierce County Superior Court has personal jurisdiction over the parties and the claim.[4] Restatement (Second) Conflict of Laws § 27, at 120 (1971). Because the claim is transitory in nature and Pierce County Superior Court has personal jurisdiction over the parties, it has proper subject-matter jurisdiction. Red Top Cab, 270 S.W.2d at 274. And any federal jurisdiction that may exist is not affected by concurrent jurisdiction in state courts. See Mater, 200 F.2d at 123-24. Therefore, the trial court erred when it dismissed *1210 Mendoza's claim for lack of subject-matter jurisdiction.
¶ 21 Reversed and remanded for trial.
We concur: ARMSTRONG, J., and VAN DEREN, A.C.J.
NOTES
[1] It is undisputed that Fort Lewis is a federal enclave, that is, "[t]erritory or land that a state has ceded to the United States." Black's Law Dictionary 568 (8th ed.2004).
[2] Likewise, Neudorfer's reliance on Concessions Co. v. Morris, 109 Wash. 46, 186 P. 655 (1919) (finding Washington expressly relinquished its power to tax real property situated on Fort Lewis) and Department of Labor & Industries v. Dirt & Aggregate, Inc., 120 Wash.2d 49, 52, 837 P.2d 1018 (1992) (stating that "[o]nce exclusive jurisdiction is established, the state government loses the power to legislate over the federal enclave") is misplaced. Both Concessions and Dirt & Aggregate address whether the State can regulate within federal enclaves, not whether Washington has subject-matter jurisdiction over personal injury claims arising in a federal enclave.
[3] RCW 9A.04.030 states in pertinent part:

The following persons are liable to punishment:
(1) A person who commits in the state any crime, in whole or in part.
(Emphasis added.)
[4] Neudorfer did not challenge personal jurisdiction in the trial court; nor does he attempt to challenge personal jurisdiction on appeal.